OPINION
{¶ 1} Appellant, Sharon Brown, appeals from a judgment of the Franklin County Municipal Court denying her application to seal her criminal records. For the following reasons, we affirm the judgment of the trial court.
 {¶ 2} On March 30, 2003, appellant was charged by complaint with two first-degree misdemeanors — aggravated menacing in violation of Columbus City Code 2303.21 and domestic violence in violation of R.C. 2919.25(A) — arising out of appellant's *Page 2 
alleged firing of gunshots at her husband. By entry filed May 20, 2003, the trial court, upon oral motion of appellee, state of Ohio, dismissed the charges due to insufficient evidence.
 {¶ 3} On May 23, 2007, appellant, pro se, filed an "Application for Expungement and Sealing of the Record" ("application"). According to the boilerplate memorandum in support of her application, appellant met all the requirements of R.C. 2953.52. Appellee did not file a written objection to the application. The trial court held a hearing on the application on August 1, 2007. By entry filed the same day, the trial court denied the application, checking a box on a preprinted form which stated, "[t]he interests of the applicant are outweighed by any legitimate governmental need to maintain the records at issue."
 {¶ 4} Appellant appeals, assigning a single error for our review:
 The trial court erred to the prejudice of Petitioner-Appellant when it denied her petition for expungement.
 {¶ 5} Pursuant to R.C. 2953.52(A)(1), any person who has had a criminal complaint dismissed may apply to the court for an order sealing the official records in the case. Upon the filing of such application, the court must set a date for a hearing and notify the prosecutor in the case of the hearing on the application. R.C. 2953.52(B)(1). The prosecutor may object to the granting of the application by filing an objection with the court prior to the hearing date. Id. Before ruling on the application, the trial court must: (1) determine whether the complaint was dismissed; (2) determine whether criminal proceedings are pending against the applicant; (3) determine whether the prosecutor filed an objection in accordance with R.C. 2953.52(B)(1) and consider the prosecutor's *Page 3 
reasons for the objection; and (4) weigh the applicant's interests in having the records sealed against the legitimate needs, if any, of the government to maintain the records. R.C. 2953.52(B)(2). If the trial court determines, after complying with these requirements, that the applicant's interest in having the records sealed are not outweighed by the government's interest in maintaining the records, then the trial court must issue an order sealing the records. R.C. 2953.52(B)(3).
 {¶ 6} The trial court held a hearing on the application pursuant to R.C. 2953.52(B)(1). Appellant attended the hearing without representation by counsel; appellee did not participate. The entire hearing consisted of a colloquy between appellant and the trial court; appellant provided no sworn testimony or other evidence. At the outset of the hearing, the trial court noted that it had denied appellant's two previous applications for expungement, and that appellee continued to oppose the expungement. Appellant conceded that the instant application was the third she had filed and that she had presented the trial court with "all the information that [she] could possibly give" at the previous hearings. (Tr. 3.) The trial court noted that it had reviewed all the evidence provided by appellant at the two prior hearings, including appellant's husband's testimony that appellant fired the gunshots at him in self-defense, before denying the applications. The trial court averred that unless appellant presented additional information or evidence other than that provided at the previous hearings, it would not grant the instant application. Appellant did not present additional evidence; rather, she continued to discuss what had transpired at the previous hearings. Thereafter, the trial court stated, as follows: *Page 4 
 * * * [W]hat you're asking for does not outweigh the safety concerns of police officers that may or may not have future contact with you as quickly as you're asking for this to be expunged. I believe that an officer has the right to know that you felt it was necessary to pull a gun and to fire it more than one time in order to defend yourself. I understand that's what you thought you were doing, you were defending yourself, but an officer has the right to know when they're walking into a situation, whether they're going to encounter someone who, in an effort to defend themselves, may shoot them in the head when they respond to assist that person. * * *
 * * *
 I know that it was your husband that you were firing at, but I'm saying that an officer has a right to know if they respond to a call whether or not the people that they are responding to have weapons, have previously had weapons, have used those weapons. So if you would like to allow a little more time to elapse before you apply for this expungement, I might consider it, but at this point, the recency with which this occurred and the level of the violence that was documented in this is not going to let me expunge this record.
(Tr. 5-6.)
 {¶ 7} Following further colloquy, the trial court stated:
 * * * I will grant this expungement after a sufficient time has passed to allow the State to feel comfortable with granting that expungement. You are here because you fired a weapon twice, at least, in response to feeling endangered or whatever that reason was. You had a gun. You fired that gun. The requirements are that I consider whether your request for expungement overrides the State's right to have that knowledge. If you would like to wait, perhaps, until five years have passed, then this would be something that I would consider for an expungement.
 * * *
 * * * Your request for expungement is denied. This case is over.
(Tr. 10-11.) *Page 5 
 {¶ 8} Appellant's assignment of error contends the trial court abused its discretion in denying her application to seal her criminal records. More particularly, appellant claims that in commenting upon the relatively short amount of time (four years) that had passed since the incident occurred, and in suggesting that appellant wait another year before filing another application, the trial court, in essence, imposed an arbitrary waiting period for filing an application that is not required by R.C. 2953.52. Appellant also maintains that the trial court's reference to appellee "feel[ing] comfortable" with granting the expungement implied that the court would grant an expungement only if appellee did not object.
 {¶ 9} Appellant also contends that the trial court's purported justification for denying her application, i.e., the state's interest in the safety of law enforcement officers responding to an incident involving a person who had previously been charged with a crime involving the discharge of a firearm, lacked merit because the only information readily available to a responding officer in such a situation would be that appellant had been charged with aggravated menacing and domestic violence, not that she had discharged a firearm in committing those offenses.
 {¶ 10} Appellee maintains that the application at issue was barred by the doctrine of res judicata. "The doctrine of res judicata bars successive actions when a valid, final judgment has been rendered upon the merits and an identity of parties or their privies exists." (Emphasis sic.) State v. Haney (Nov. 23, 1999), Franklin App. No. 99AP-159, citing Ameigh v. Baycliffs Corp. (1998), 81 Ohio St.3d 247,249, citing Whitehead v. Gen. Tel. Co. (1969), 20 Ohio St.2d 108, paragraph one of the syllabus. Moreover, "res *Page 6 judicata is applicable where an issue has been actually and necessarily litigated and determined in a prior action." (Emphasis sic.) Id., citingAmeigh. In Haney, the applicant's first application to seal his records was denied. The trial court denied his second application without a hearing. The trial court found the second application barred by res judicata because it raised the same issues that were litigated in the first application. On appeal, the applicant argued that res judicata does not apply to applications to seal records. This court held that applications for expungement are subject to the doctrine of res judicata. Indeed, this court held that absent demonstration by the applicant that there has been a change in circumstances from the time of the filing of the previous application, res judicata bars successive attempts to relitigate the same issues in subsequent expungement applications. In so holding, we clarified that "[a] change in circumstances requires more than the mere passage of time." Id.
 {¶ 11} Here, the transcript of the hearing clearly demonstrates that the instant application was the third filed by appellant. Both the trial court and appellant repeatedly referred to the prior hearings. When the trial court indicated that it would not grant the instant application absent additional information from appellant, appellant offered no new evidence; rather, she merely reiterated information she had provided at previous hearings and conceded that it was all the information she could provide. Thus, it is clear that appellant had no new evidence to present to the trial court and the instant application was simply an attempt to relitigate a previously determined issue. As appellant did not establish that there had been a change of circumstances since the filing of the previous application, the instant application was barred as a matter of law by res judicata and thus properly denied by the trial court. Id. Under the circumstances here, the trial court was *Page 7 
required, as a matter of law, to find the instant application barred by res judicata; thus, the trial court had no discretion to grant it. Id.
 {¶ 12} Even if appellant's application was not barred by res judicata, the trial court did not abuse its discretion in denying it. The decision whether to grant or deny an application to seal criminal records lies within the sound discretion of the trial court. State v. Haney (1991),70 Ohio App.3d 135, 138. A reviewing court may only reverse such a determination upon a showing of an abuse of that discretion. Id. An abuse of discretion connotes that the trial court's attitude was unreasonable, arbitrary or unconscionable. Id. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 13} With or without written objection or presentation of evidence by appellee at the hearing, appellant bore the burden of demonstrating that her interests in having the records in the case sealed are at least equal to any legitimate governmental need to maintain the records.State v. Brown, Franklin App. No. 07AP-255, 2007-Ohio-5016, at ¶ 4
("Regardless of whether the application is opposed or unopposed, the statute places the burden on the applicant to demonstrate a need for sealing the record."); State v. Newton, Franklin App. No. 01AP-1443, 2002-Ohio-5008, at ¶ 10 ("there is no requirement that the state present any evidence at this hearing"). Appellant failed to meet her burden. Appellant's written application merely stated that she met all the requirements of R.C. 2953.52. As noted above, appellant did not provide any testimony or other evidence supporting her interest in sealing her criminal records. Although appellant made a vague reference to her inability to earn money, she later stated she was on disability leave from her place of employment, and she did not clearly articulate that her financial problems were related to her criminal record. *Page 8 
 {¶ 14} The trial court determined that future law enforcement access to records documenting appellant's previous discharge of a firearm outweighed appellant's interests in having her records sealed. Contrary to appellant's assertion, the government's interest in maintaining the safety of law enforcement officers is served by permitting access to criminal records of persons with whom officers are confronted, especially those, like appellant, who were charged with crimes involving the discharge of a firearm. "[P]olice officers have contact with individuals under a wide range of circumstances, and if police are permitted to review an individual's record prior to confronting that person, this will serve to promote officer safety." State v. Garry
(2007), 173 Ohio App.3d 168, at ¶ 10 (Hildebrant, J., dissenting). We note that although the charges filed against appellant were dismissed, appellant essentially conceded during her colloquy with the trial court that she fired gunshots at her husband, albeit in self-defense. Moreover, it is clear that the trial court's comments regarding the amount of time that had passed since the incident and appellee's comfort level with appellant's records being sealed were made in the context of, and related to, the court's concerns about officer safety.
 {¶ 15} "[Defendants do not have a fundamental right to have their records wiped clean in light of a dismissal." Brown, supra, at ¶ 5. In the absence of a showing by appellant that her interest in having her records sealed outweighed the government's legitimate interest in maintaining those records, we cannot say that the trial court abused its discretion in denying appellant's application to seal her criminal records. Accordingly, we overrule appellant's assignment of error. *Page 9 
 {¶ 16} Having overruled appellant's sole assignment of error, we hereby affirm the judgment of the Franklin County Municipal Court.
Judgment affirmed.
PETREE and SADLER, JJ., concur.
T. BRYANT, J., retired of the Third Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution. *Page 1