[Cite as *State v. S.J.*, 2020-Ohio-183.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | No. 108126 |
| v. | : | |
| S.J., | : | |
| Defendant-Appellant. | : | |

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** January 23, 2020

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-10-539499-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Tasha L. Forchione, Assistant Prosecuting Attorney, *for appellee.*

Mark A. Stanton, Cuyahoga County Public Defender, and Erika B. Cunliffe, Assistant Public Defender, *for appellant.*

ANITA LASTER MAYS, P.J.:

{¶ 1} Defendant-appellant S.J. appeals the trial court's decision to deny her application to expunge her criminal record. After a thorough review, we reverse and remand.

**{¶ 2}** Prior to this appeal, in *State v. S.E.J.*, 8th Dist. Cuyahoga No. 105883, 2018-Ohio-2060, this court ordered the trial court to seal S.J.'s record of a felony conviction. As a result, S.J.'s felony conviction was sealed in 2018, but her misdemeanor convictions were not. She now appeals to have her misdemeanor convictions sealed.

## I.    Facts and Procedural History

**{¶ 3}** In 2010, S.J. pleaded guilty to improperly handling firearms in a motor vehicle, a first-degree misdemeanor, in violation of R.C. 2923.16(E)(1)(a), and carrying concealed weapons, a minor misdemeanor, in violation of R.C. 2923.12(A)(2). She was sentenced to pay $850 in fines and court costs.

**{¶ 4}** In 2014, S.J. submitted an application to have her record expunged. The state opposed the expungement, and the trial court denied the application based on the nature of the offense. In 2015, after filing a second expungement application, the trial court again denied expunging S.J.'s record. In 2018, the trial court denied S.J.'s third application for expungement. The state argued that while S.J. is an eligible offender, because the crime involved a firearm and S.J. fired shots, the government's interest outweighed S.J.'s desire to seal her record. The trial court disagreed with the state that S.J. was an eligible offender, and determined that S.J., in fact, was not an eligible offender because her application for expungement was previously denied twice and S.J. was barred by res judicata.

**{¶ 5}** S.J. appealed the trial court's decision and assigns two errors for our review:

I.    The trial court abused its discretion when it denied S.J.'s motion for expungement because that decision failed to properly weigh the competing interests involved and is not supported by the record, and

II.   The trial court erred when it concluded that S.J. was not an eligible offender for expungement under R.C. 2953.31.

## II.   Expungement

### A.    Standard of Review

{¶ 6}   "An appellate court generally reviews a trial court's disposition of an application to seal a record of conviction under an abuse of discretion standard. *State v. Black*, 10th Dist. Franklin No. 14AP-338, 2014-Ohio-4827, ¶ 6." *State v. R.M.*, 8th Dist. Cuyahoga No. 104327, 2017-Ohio-7396, ¶ 5. "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

### B.    Whether the Trial Court Abused its Discretion when it Denied S.J.'S Motion for Expungement without Weighing the Competing Interests Involved and Erred when it Determined that S.J. was not an Eligible Offender because of Res Judicata

{¶ 7}   For ease of discussion, appellant's assignments of error will be addressed out of order.  S.J.'s eligibility status for expungement is pertinent to our decision on whether the trial court abused its discretion when denying S.J.'s motion.

{¶ 8}   In S.J.'s assignments of error, she argues that the trial court abused its discretion when it denied her motion for expungement and that the trial court erred when it determined that she was not an eligible offender.

R.C. 2953.31 et seq. set forth the procedures for sealing a record of conviction. The statutory law in effect at the time of the filing of an R.C. 2953.32 application to seal a record of conviction is controlling. *State v. A.S.*, 8th Dist. Cuyahoga No. 100358, 2014-Ohio-2187, ¶ 10, citing *State v. LaSalle*, 96 Ohio St.3d 178, 2002-Ohio-4009, 772 N.E.2d 1172, paragraph two of the syllabus. Under R.C. 2953.32, the trial court must determine: whether the applicant is an "eligible offender"; whether criminal proceedings are pending against the applicant; and whether the applicant has been rehabilitated to the satisfaction of the court. The court must then "consider the reasons against granting the application specified by the prosecutor" and weigh the applicant's interests in having the records sealed versus the government's needs, if any, for maintaining those records. R.C. 2953.32(C). The applicant must meet all of the statutory criteria for eligibility in order to invoke the jurisdiction of the court to grant an expungement. *A.S.* at ¶ 9.

*State v. T.S.*, 8th Dist. Cuyahoga No. 102648, 2017-Ohio-7395, ¶ 8.

**{¶ 9}** Accordingly,

[t]he purpose of expungement, or sealing a record of conviction, is to recognize that people may be rehabilitated. *State v. Petrou*, 13 Ohio App.3d 456, 456, 469 N.E.2d 974 (9th Dist.1984). In enacting the expungement provisions, the legislature recognized that "'[p]eople make mistakes, but that afterwards they regret their conduct and are older, wiser, and sadder. The enactment and amendment of R.C. 2953.31 and 2953.32 is, in a way, a manifestation of the traditional Western civilization concepts of sin, punishment, atonement, and forgiveness.'" *State v. M.D.*, 8th Dist. Cuyahoga No. 92534, 2009-Ohio-5694, ¶ 8, quoting *State v. Boddie*, 170 Ohio App.3d 590, 2007-Ohio-626, 868 N.E.2d 699, ¶ 8 (8th Dist.).

*State v. M.H.*, 8th Dist. Cuyahoga No. 105589, 2018-Ohio-582, ¶ 10.

**{¶ 10}** Also,

"'[e]xpungement is an act of grace created by the state,' and so is a privilege, not a right." *State v. Simon*, 87 Ohio St.3d 531, 533, 721 N.E.2d 1041 (2001), quoting *State v. Hamilton*, 75 Ohio St.3d 636, 665 N.E.2d 669 (1996). Nonetheless, the Ohio Supreme Court has made clear that "[t]he expungement provisions are remedial in nature and 'must be liberally construed to promote their purposes.'" *M.D.* at

¶ 9, quoting *State ex rel. Gains v. Rossi*, 86 Ohio St.3d 620, 716 N.E.2d 204 (1999).

*Id.* at ¶ 11.

{¶ 11} First, we must determine if S.J. is an eligible offender, under the law in effect at the time of her expungement application.[1]  As mentioned, the state conceded that S.J. is an eligible offender.

> Under R.C. 2953.31(A), an "eligible offender" is defined to include those convicted of "not more than one felony conviction, not more than two misdemeanor convictions if the convictions are not of the same offense, or not more than one felony conviction and one misdemeanor conviction in this state or any other jurisdiction." * * * A conviction for a minor misdemeanor is not considered a conviction. R.C. 2953.31(A).

*State v. J.S.*, 8th Dist. Cuyahoga No. 101329, 2015-Ohio-177, ¶ 9.

{¶ 12} At the time of filing her motion to seal, S.J. had only misdemeanor convictions.  Therefore, a plain reading of the statute would render S.J. eligible.  However, since S.J. had filed a previous application requesting a sealing of her record, the trial court determined that she was not eligible under the theory of res judicata.  We find that the trial court erred when it determine that S.J. was not an eligible offender because of res judicata.  The trial court stated, "[a]nd pursuant to the statutes relating to expungement, she is not an eligible offender because she is res judicata in that this is denied twice and she's no longer eligible for expungement." (Tr. 6.)

---

[1] S.J. filed a new expungement application in August 2018.  R.C. 2953.31 was subsequently amended effective October 29, 2018.

Based upon the foregoing well-established principles, Ohio courts have held that the doctrine of res judicata ordinarily prohibits successive applications to seal a conviction. *State v. Bailey*, 2d Dist. Montgomery No. 26464, 2015-Ohio-3791, ¶ 16-18; *State v. Singo*, 9th Dist. Summit No. 27094, 2014-Ohio-5335; *In re Application for the Sealing of the Record of Brown*, 10th Dist. Franklin No. 07AP-715, 2008-Ohio-4105, ¶ 10; *State v. Haney*, 10th Dist. Franklin No. 99AP-159, 1999 Ohio App. LEXIS 5524 (Nov. 23, 1999); *State v. Young*, 2d Dist. Montgomery No. 12847, 1992 Ohio App. LEXIS 123 (Jan. 14, 1992). A successive application may succeed, however, if the defendant establishes "a change in circumstances from the time of the filing of the previous application." *Brown* at ¶ 10. In the absence of a change in circumstances, "res judicata bars successive attempts to relitigate the same issues in subsequent expungement applications." *Id.*

"[T]he broadening of the class of persons eligible for expungement 'constitutes a change in circumstances between the prior requests for expungement and the [successive] application so as to allow a court to consider a subsequent petition and res judicata would not bar its review.'" *State v. Matthews*, 6th Dist. Wood No. WD-14-059, 2015-Ohio-3517, ¶ 13, quoting *State v. Grillo*, 2015-Ohio-308, 27 N.E.3d 951, ¶ 20 (5th Dist.); *see also State v. Rojas*, 180 Ohio App. 3d 52, 2008-Ohio-6339, 904 N.E.2d 541, ¶ 12 (2d Dist.) ("Res judicata does not bar an R.C. 2953.32 application where there is a showing of changed or new circumstances."). The mere passage of time, however, does not constitute a change in circumstances. *Haney* at 4. But *see State v. Schwartz*, 1st Dist. Hamilton No. C-040390, 2005-Ohio-3171, ¶ 10 (determining that passage of time between defendant's offense and second application to seal, along with defendant's continued difficulty finding employment, constituted change in circumstances).

*State v. D.M.*, 2018-Ohio-3327, 118 N.E.3d 288, ¶ 24-25 (4th Dist.).

{¶ 13} It has been determined that "absent demonstration by the applicant that there has been a change in circumstances from the time of the filing of the previous application, res judicata bars successive attempts to relitigate the same issues in subsequent expungement applications." *Brown* at ¶ 10. However, S.J. contends that there has been a change of circumstances. S.J. argues that since

applying for expungement in 2014, her felony conviction had been expunged.  Also S.J., in 2016, obtained a Certificate of Qualification for Employment.   S.J. now works in a hospital and has started a home healthcare company, where she employs eight individuals.  As a result of her misdemeanor convictions, it is difficult to obtain contracts with Medicare and Medicaid, thereby making it impossible to expand her business.

{¶ 14} We find that there has been a change of circumstances, and S.J. is an eligible offender.  Therefore, the trial court erred when it determined that S.J. was not an eligible offender because she was barred by res judicata.

{¶ 15} S.J. further argues that the trial court abused its discretion when it denied her motion for expungement because that decision failed to properly weigh the competing interests involved.  The trial court stated at the hearing,

> [s]o — and again, also for the third time, pursuant to the nature of the crimes, she — shots were fired at her boyfriend at the time.  He caused — you know, refused to press charges because she had a child, so he was being kind to her and all that.  But the Court notes that soon after this case, soon after these shots were fired, this defendant also had another incident of shooting, of a shots fired.  And I don't know who that was after, but that, again, was Judge Clancy's case.  So it kind of goes to show that the government — the public does have a great interest in knowing the past of this defendant, because even after she was found guilty of the misdemeanors in this case, soon after, in July of 2011 — no, I'm sorry — yeah, July of 2011 she was driving under suspension and carrying a concealed weapon, which she pled guilty to and — no, I'm sorry, the Court found her guilty.  So she didn't plead guilty to it.  And the Court is going to not suspend the sentence.  As I said, pursuant to the law she's not an eligible offender.  So motion is denied.  Thank you very much.

(Tr. 6-7.)

{¶ 16} The state argues that even though the carrying concealed weapon charges against S.J. were amended, the trial court can still consider that she fired a weapon. However, the record never revealed any evidence that S.J. fired a gun and in fact after ballistic testing there was no gun powder residue found on S.J.'s hands. Additionally, the record reveals the prosecutor at the time of the 2010 case noted that the state did not believe S.J. fired any shots. The trial court, in the expungement hearing, relied on incorrect and unfounded facts. The state cited *State v. Himons*, 8th Dist. Cuyahoga Nos. 67827 and 67828, 1995 Ohio App. LEXIS 342 (Feb. 2, 1995), in support of its contention. *Himons* states,

> [w]e find that the trial court acted within its discretion when it denied the defendant's application for expungement. The fact remains that, even though the firearm specification was dropped in plea bargaining, defendant used a firearm in the commission of a crime. That defendant was given probation for what was a nonprobationable offense does not alter the thrust of R.C. 2953.36 which prohibits sealing of criminal records in such circumstances. *State v. Leers*, [84 Ohio App.3d 579, 581, 617 N.E.2d 754 (1992)]. Under R.C. 2953.32(C)(1)(d), the court was obliged to consider the prosecutor's objections pointing out the use of the firearm in the crime when weighing the interests of the applicant against the legitimate needs of the government to maintain the records. *See State v. May*, 72 Ohio App.3d 664, 667, 595 N.E.2d 980 ([8th Dist.]1991) ("in order to oppose the application for expungement, the prosecutor need only file an objection with the court prior to the day of hearing and specify *** the reasons which he believes justify denial of the application"). The court was not bound to turn a blind eye to the firearm use simply because it was dropped in plea bargaining.

{¶ 17} However, the facts in S.J.'s case can be distinguished from the facts in *Himons*. The appellant in *Himons* fired a gun and wounded the victim. There was evidence that Himons actually fired a weapon. In S.J.'s case, after lab reports

revealed an absence of gun powder residue on S.J.'s hand, the state determined that S.J. had not fired her weapon. Also, in *State v. Simon*, 87 Ohio St.3d 531, 721 N.E.2d 1041 (2000), the appellant argued that because he pled to an offense that was amended to eliminate the firearm specification, the trial court could not consider the indictment with the firearm specification in its decision to grant or deny his expungement request. The Supreme Court in *Simon* disagreed and determined that the trial court could consider the firearm specifications in the indictment because the appellant used a firearm in the commission of the crime. The facts in *Simon*, however are distinguishable from the facts in S.J.'s case because as stated previously there is no evidence that S.J. used or discharged a firearm. S.J. was also not charged with a firearm specification. Additionally in 2010, S.J. was a licensed carry concealed weapon holder.

{¶ 18} The trial court erred by rejecting S.J.'s application solely based upon the nature of the offense. At the hearing, the trial court stated, "[t]he Court has reviewed the docket in Case No. 539499 and the Court notes that this defendant filed a motion for expungement previously and, due to the nature of the crimes, after a hearing, the application was denied and that was on October 1, 2014." (Tr. 6.) The trial court reasoned that because of the nature of the crimes, S.J.'s application was denied.

> This court and others, however, have rejected this reasoning. *See M.D.*, 8th Dist. Cuyahoga No. 92534, 2009-Ohio-5694, at ¶ 22, quoting *State v. Haas*, 6th Dist. Lucas No. L-04-1315, 2005-Ohio-4350 (the nature of the offense "'cannot provide the sole basis to deny an application'"); *State v. Hilbert*, 145 Ohio App.3d 824, 827, 764

N.E.2d 1064 (8th Dist.2001) (this court reversed where state argued application should be denied solely because of the nature of the crime, aggravated arson for act of cross-burning); *State v. Bates*, 5th Dist. Ashland No. 03-COA-057, 2004-Ohio-2260 (reversed where gambling addiction was the sole basis for denying expungement of theft offense).

*M.H.*, 8th Dist. Cuyahoga No. 105589, 2018-Ohio-582, at ¶ 16.

**{¶ 19}** Furthermore, the trial court failed to weigh any of S.J.'s interests in sealing her convictions against the state's interest in maintaining the convictions.

**{¶ 20}** The trial court never considered whether S.J. has been rehabilitated. Likewise, in *M.H.*, this court determined that the appellant successfully established his rehabilitation because he had not been convicted of any other crimes since his conviction, he was very committed to his community, and obtained full custody of his grandson. *Id.* at ¶ 17. However, the trial court in *M.H.* failed to establish and address the appellant's rehabilitation, and this court remanded for the limited purpose of ordering the appellant's record of conviction be sealed. *Id.* at ¶ 20. Similarly, we determine that S.J. has established rehabilitation. At the hearing, her counsel stated,

> She is eligible. She is an eligible offender. I'm sorry. She has — before the Court, I mean, she previously entered a guilty plea to an attempted improperly handling of a firearm, a first degree misdemeanor, and then a misdemeanor version of carrying concealed weapons, I believe. And was ordered to pay fines and court costs, all of which she did. Her case originated back in 2010, I believe. So it's been over [eight] years. Since then, Your Honor, she's been doing everything she can to better herself and provide for her family. She's 32 years old, she has two school age children. She previously graduated South High School before getting her STNA and phlebotomy licenses. She's currently — well, actually, she maintains two jobs, she works at St. Vincent Charity Hospital as a behavioral health technician, she does three 12-hour

shifts there. And then she also owns and operates her own home health care business, it's called T&L Home of the Heart's Home Care, LLC. And they provide, basically, in-home care for the elderly and folks with disabilities. She has eight employees working with her now. She's really doing everything she can to better herself. And unfortunately, she fears that this conviction is holding her back from expanding her business and getting certain accounts. So she would very much like to get this matter sealed. And I think that her interests in having that happen outweighs any governmental interest in maintaining the records of this conviction.

(Tr. 3-4.)

{¶ 21} After review, we conclude that the trial court abused its discretion by failing to consider whether S.J. had been rehabilitated. *M.H.* at ¶ 20. We also conclude that the trial court erred in finding that S.J. was not an eligible offender. Consistent with this court's decision in *M.H.* at ¶ 22, we find that there is no need to remand this case to the trial court to state additional findings on the record. We find that the information provided was sufficient for our determination. Because the trial court gave no other reason to deny S.J.'s application to seal her record of convictions, we reverse the decision of the trial court and remand for the limited purpose of ordering S.J.'s record of conviction be sealed.

{¶ 22} Judgment reversed and remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, PRESIDING JUDGE

LARRY A. JONES, SR., J., CONCURS;
MICHELLE J. SHEEHAN, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE OPINION

MICHELLE J. SHEEHAN, J., CONCURRING IN PART AND DISSENTING IN PART:

{¶ 23} I concur with the majority opinion that the "nature of the offense" cannot provide the sole basis to deny an application to seal a record of conviction. *See State v. Jameson*, 11th Dist. Ashtabula No. 2018-A-0046, 2019-Ohio-1420, ¶ 20, citing *In re. M.H.*, 8th Dist. Cuyahoga No. 105589, 2018-Ohio-582, ¶ 19. (The trial court abused its discretion in denying the motion because it simply adopted the state's position that the nature of the offense was sufficient unto itself.); *State v. M.D.*, 8th Dist. Cuyahoga No. 92534, 2009-Ohio-5694 (The state merely objected to granting application based upon nature of the crime and the trial court made no findings pursuant to the statute and thus the matter was not reviewable); *State v. Clellan*, 10th Dist. Franklin No. 10AP-44, 2010-Ohio-5867 (The trial court abused its discretion where defendant's possession of a firearm alone was sole factor in denying application, especially where possessing a firearm is permitted under the law.); *State v. Rojas*, 180 Ohio App.3d 52, 2008-Ohio-6339, 904 N.E.2d 541 (2d

Dist.) (The trial court erred in denying application based on the nature of the offense, without weighing governmental interest against defendant's interest.); *State v. Bates*, 5th Dist. Ashland No. 03-COA-057, 2004-Ohio-2260, ¶ 26 (The trial court abused its discretion in denying the motion solely on the nature of the offense and failing to make other statutory findings.); *State v. Berry*, 135 Ohio App.3d 250, 733 N.E.2d 651 (2d Dist.1999) (The trial court abused its discretion where it summarily denied the application without a hearing because it was a sex offense crime.).

**{¶ 24}** However, I would remand the matter to the trial court for further consideration of the statutory factors required by R.C. 2953.32, including whether "the applicant has been rehabilitated to the satisfaction of the court." R.C. 2953.32(C)(1)(c). *See State v. S.E.J.,* 8th Dist. Cuyahoga No. 105883, 2018-Ohio-2060, ¶ 21 (S. Gallagher, J., concurring), citing *State v. Tauch*, 10th Dist. Franklin No. 13AP-327, 2013-Ohio-5796, ¶ 18.

**{¶ 25}** For these reasons, I respectfully concur in part and dissent in part.