[Cite as *In re C.H.*, 2021-Ohio-4233.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

In re C.H.

Court of Appeals Nos. WD-21-034
WD-21-044
WD-21-045
WD-21-046
WD-21-047
WD-21-048
WD-21-049

Trial Court Nos.
2015 JA 0047
2015 JA 0130
2015 JA 0295
2015 JA 0378
2015 JA 0480
2015 JA 0947
2016 JA 0661

**<u>DECISION AND JUDGMENT</u>**

Decided: December 3, 2021

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
Charles S. Bergman, Assistant Prosecuting Attorney for appellee.

James A. Hammer, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} In this consolidated appeal appellant, C.H., appeals the April 13, 2021 judgment of the Wood County Court of Common Pleas, Juvenile Division which, following multiple delinquency adjudications, denied his motion to seal his juvenile record. Because we find that the trial court did not abuse its discretion, we affirm.

## Background

{¶ 2} In 2015 and 2016, appellant was adjudicated to be a delinquent child as to six misdemeanor counts including possession of marijuana, disorderly conduct, and multiple probation violations. Appellant was also adjudicated a delinquent child as to one felony count, gross sexual imposition. The dispositional orders stemming from the adjudications included commitment to the DYS for a minimum of six months followed by a 70-day detention at the Wood County Juvenile Detention Center, 30 days of house arrest, community control and probation, sex offender treatment, a mental health assessment and substance abuse treatment, and community service. Appellant was also classified as a Tier II juvenile sexual offender.

{¶ 3} On September 12, 2017, appellant was successfully discharged from probation. Following a hearing on January 7, 2019, and without objection, the court terminated appellant's sexual offender classification and registration requirements.

2.

{¶ 4} Appellant filed an amended motion[1] to seal his juvenile record on March 4, 2021.  The state opposed the motion and a hearing was held on April 8, 2021.  On April 13, 2021, the trial court issued its judgment entry, including findings of fact and conclusions of law, denying appellant's motion to seal.  This appeal followed.

## Assignment of Error

The trial court erred in denying appellant's request to seal the records of case numbers 2015 JA 0047; 2015 JA 0130; 2015 JA 0295; 2015 JA 0378; 2015 JA 0480; 2015 JA 0947; and 2016 JA 0661 under circumstances wherein the prosecuting attorney offered no evidence in opposition to the request.

## Discussion

{¶ 5} Appellant's sole assignment of error asserts that in denying appellant's motion to seal his juvenile record, the trial court erred in determining that appellant had not been satisfactorily rehabilitated.  As correctly stated by appellant, a trial court's decision granting or denying a motion to seal a juvenile record under R.C. 2151.356 is reviewed for an abuse of discretion.  *In the Matter of H.S.*, 11th Dist. Geauga No. 2020-G-0239, 2020-Ohio-4530, ¶ 6, citing *State v. S.J.*, 2020-Ohio-183, 151 N.E.3d 1021, ¶ 6 (8th Dist.).  Further, "the sealing of a criminal record is a ""'privilege, not a right'"" and should only be granted when all statutory requirements are met."  *State ex rel Cincinnati*

---

[1] The original motion was amended to include all the relevant case numbers.

*Enquirer v. Lyons,* 140 Ohio St.3d 7, 2014-Ohio-2354, 14 N.E.3d 989, ¶ 15, quoting *State v. Boykin*, 138 Ohio St.3d 97, 2013-Ohio-4582, 4 N.E.3d 980, ¶ 11 (Additional citations omitted.)

{¶ 6} In the present case, R.C. 2151.356(C) sets forth the procedure for sealing a juvenile record. It provides, in relevant part:

(1) The juvenile court shall consider the sealing of records pertaining to a juvenile upon the court's own motion or upon the application of a person if the person has been adjudicated a delinquent child for committing an act other than a violation of section 2903.01, 2903.02, or 2907.02 of the Revised Code, an unruly child, or a juvenile traffic offender and if, at the time of the motion or application, the person is not under the jurisdiction of the court in relation to a complaint alleging the person to be a delinquent child.

* * *

[(2)(d)](iii) If the prosecuting attorney files a response with the court that indicates that the prosecuting attorney objects to the sealing of the records, the court shall conduct a hearing on the motion or application within thirty days after the court receives the response. The court shall give notice, by regular mail, of the date, time, and location of the hearing to the

prosecuting attorney and to the person who is the subject of the records under consideration.

(e) After conducting a hearing in accordance with division (C)(2)(d) of this section or after due consideration when a hearing is not conducted, except as provided in division (B)(1)(c) of this section, the court may order the records of the person that are the subject of the motion or application to be sealed if it finds that the person has been rehabilitated to a satisfactory degree. In determining whether the person has been rehabilitated to a satisfactory degree, the court may consider all of the following:

(i) The age of the person;

(ii) The nature of the case;

(iii) The cessation or continuation of delinquent, unruly, or criminal behavior;

(iv) The education and employment history of the person;

(v) The granting of a new tier classification or declassification from the juvenile offender registry pursuant to section 2152.85 of the Revised Code, except for public registry-qualified juvenile offender registrants;

(vi) Any other circumstances that may relate to the rehabilitation of the person who is the subject of the records under consideration.

{¶ 7} In his sole assignment of error, appellant contends that the trial court erred in concluding that he had not been "rehabilitated to a satisfactory degree." Appellant's assertion is not that the court improperly considered any of the statutory factors; rather, that its conclusion based upon the existing factors was flawed. Appellant further stresses the fact that the state, though it filed a memorandum opposing his motion to seal, failed to present any evidence at the hearing.

{¶ 8} As to the assertion that the state failed to present any evidence warranting the denial of his application, we note that appellant has the burden to show that his interest in sealing the records is equal to or outweighs the state's interest in maintaining those records; therefore, there is no requirement that the state present any evidence at the hearing. *State v. Shaffer*, 11th Dist. Geauga No. 2009-G-2929, 2010-Ohio-6565, ¶ 24-25, citing *State v. Haney*, 70 Ohio App.3d 135, 138, 590 N.E.2d 445 (10th Dist.1991). *See State v. Andrasek*, 8th Dist. Cuyahoga No. 81398, 2003-Ohio-32, *appeal not allowed*, 99 Ohio St.3d 1414, 2003-Ohio-2480, 788 N.E.2d 649.

{¶ 9} In the state's written opposition to appellant's motion it stated that appellant had a 2014 juvenile delinquency adjudication sealed, in 2015, he had multiple probation violations and was charged with rape which was amended to gross sexual imposition. In 2016, appellant again had a probation violation. This history, the state argued, demonstrated its compelling interest in not having appellant's juvenile record sealed.

6.

{¶ 10} At the hearing, appellant's grandmother testified that appellant lived with her during his probation and that at that time he had anger management issues and that she had been fearful of his behavior and did not trust him around her valuables. Grandmother stated that she has seen a lot of growth in appellant as his grandmother and as a minster who has worked with at-risk youth. She stated that appellant has strong family and church support. Grandmother also authored a letter which was admitted into evidence.

{¶ 11} Appellant's mother testified regarding the positive changes she witnessed in her son. She stated that appellant wishes to take the lessons he has learned and help others. She further stated that appellant's desire to either enter the military or become a probation officer are being hindered by his criminal record.

{¶ 12} Appellant testified and expressed remorse for the victim in the gross sexual imposition case. He explained that his desire is to give back to the community as a probation officer or volunteer. He stated that he would like to enter the Army or National Guard but that he was informed that he cannot apply until his record is sealed.

{¶ 13} The state, though neither presenting evidence nor cross-examining appellant's witnesses, made a statement in opposition. The state explained that based on the nature of the felony case the state had an interest in maintaining appellant's DNA and information in a database in case of a subsequent sexual assault and for the general protection of the public. Further, the state noted that following the sealing of the 2014

7.

case, appellant continued to engage in criminal offenses, culminating in the 2015 rape charge.

{¶ 14} In the court's April 13, 2021 judgment entry denying the motion to seal, the court, after summarizing the procedural history of the case, stated that it reviewed the testimony and documents presented at the hearing, the sealing/expungement questionnaire completed by appellant, a report completed by the Wood County Juvenile Court Probation Department, and the pre-dispositional report and sexual behavior assessment report prepared in the gross sexual imposition case. The court further noted that the motion was timely and all procedural requirements had been met, indicated that appellant was 23 at the time the motion was filed, was employed, and that as an adult appellant had three speeding citations and one for failure to control.

{¶ 15} The court ultimately concluded:

> While progress has been made toward C.H.'s rehabilitation – as referenced within this court's sexual offender registration de-classification order – given the number of delinquency cases present; the severity of the felony gross sexual imposition delinquency; and after a review of the evidence and applicable law, the court is unable to conclude that C.H. has been rehabilitated to such a degree as to warrant the sealing of the record in all of these matters at this time.

8.

**{¶ 16}** Reviewing the proceedings and the applicable law, we cannot find that the trial court abused its discretion in denying appellant's motion to seal. The court properly considered the R.C. 2151.356(C) factors in reaching its decision and its factual conclusions were not clearly erroneous. Accordingly, appellant's assignment of error is not well-taken.

## Conclusion

**{¶ 17}** Based on the foregoing, we affirm the April 13, 2021 judgment of the Wood County Court of Common Pleas, Juvenile Division. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.          _____
                                     JUDGE

Christine E. Mayle, J.        

                                   _____
Myron C. Duhart, J.                                 JUDGE
CONCUR.

                                   _____
                                     JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.