[Cite as *In re W.D.K.*, 2022-Ohio-2724.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

IN RE: :

    W.D.K. : CASE NO. CA2021-12-156

     : O P I N I O N
                8/8/2022

     :

     :

     :

APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case Nos. JV1999-03-0947, JV2000-1352, JV2001-3072,
JV2001-3599, and JV2002-3340

Michael T. Gmoser, Butler County Prosecuting Attorney, and Willa Concannon, Assistant Prosecuting Attorney, for appellee.

W.D.K., pro se.

**HENDRICKSON, J.**

{¶ 1} Appellant, W.D.K., appeals from a decision of the Butler County Court of Common Pleas, Juvenile Division, denying his motion to seal his juvenile records in five juvenile cases spanning from 1999 to 2002. For the reasons discussed below, we affirm the juvenile court's decision.

{¶ 2} From 1999 to 2002, appellant was adjudicated a delinquent child in five separate juvenile cases: (1) JV1999-03-0947 – trafficking offenses, (2) JV2000-1352 – preparation of drugs for sale, (3) JV2001-3072 – falsification, (4) JV2001-3599 – obstructing official business, and (5) JV2002-3340 – falsification. On July 27, 2021, when appellant was 36 years old, he filed a motion to have his juvenile adjudications sealed and expunged. Included in appellant's motion was a notice that in September 2009, appellant legally changed his name from "W.D.K." to "J.W.C." On August 25, 2021, the state filed notice that it opposed the sealing and expungement of appellant's juvenile records. The juvenile court ordered a "records check" of appellant, under his former name and his current name.

{¶ 3} On October 22, 2021, the juvenile court held a hearing on appellant's motion. At the hearing, the court heard from appellant, Amy Brown, the court's expungement clerk, and James Manley, a juvenile court probation supervisor. Brown indicated she had investigated appellant's criminal history and had obtained records from a number of sources, including the Butler County Court of Common Pleas, Hamilton Municipal Court, Fairfield Municipal Court, Butler County Area Courts, Middletown Municipal Court, the Dearborn County, Indiana Sheriff's Department, and the Rush County, Indiana Sheriff's Department. Brown noted that many of appellant's criminal convictions had been sealed. Nonetheless, from the records Brown was able to access, it was apparent that appellant had been convicted of multiple crimes and traffic violations since reaching adulthood and that he had served at least three different prison terms. Appellant had two contempt of court convictions in 2003, grand theft convictions in 2006 and 2007 relating to the passing of bad checks, for which appellant served a 12-month prison term and was ordered to pay more than $25,000 in restitution to two financial institutions, a 2008 conviction for fraud on a financial institution, for which he served a prison sentence in Indiana, and convictions for a variety of speeding and other traffic-related offenses. Appellant also faced additional

charges, including 2016 and 2017 domestic violence charges and a 2017 money laundering charge, but those charges were ultimately dismissed. In 2020, appellant was acquitted of a misdemeanor charge of obstructing official business.

{¶ 4} Appellant acknowledged his criminal past. He further acknowledged that even after his name was legally changed and he had obtained a new social security number, he had arrests and convictions that were processed under his old name and old social security number or sometimes under his old name but with his new social security number. Appellant denied any wrongdoing or efforts to avoid a criminal record under his new identity. He explained that because of his history with some police departments, the departments had booked him under his old name and social security number, despite appellant providing them with his new identifying information.

{¶ 5} When questioned by the court about the reason he was seeking to have his delinquency records sealed, appellant indicated "the reason for sealing it is to put it behind me and to move forward and make better choices from this point." Appellant claimed he had "changed [his] life [and] turned it around" but his past prevented him from pursuing various jobs and opportunities. Appellant indicated he was a real estate investor and wanted to obtain various state licenses so that he could serve as an insurance agent and operate a banquet hall and swim club that served liquor.

{¶ 6} Appellant informed the juvenile court that he had successfully sealed his adult convictions in Ohio and Indiana. He represented that the state had not filed objections in his adult cases and contended that because of his success in sealing his adult convictions, it was likewise appropriate for the juvenile court to seal his delinquency cases.

{¶ 7} However, unlike in appellant's adult cases, there were objections filed to the sealing of appellant's juvenile records. The state objected to the sealing of appellant's juvenile records, with the prosecutor noting that he's "rarely seen a record as extensive as

this going, you know, the juvenile record, [appellant] has, this individual has so many violations of probation that I stopped counting after I ran out of fingers." Additionally, the prosecutor noted that appellant's criminal conduct continued "well into adulthood" and included "felonies of dishonesty * * * [such as] passing bad checks, check fraud, and things of the like." The prosecutor argued that as a matter of protection for the general public, appellant's juvenile records should remain unsealed so that licensing agencies and potential partners and clients of appellant would have access to his troubling history of financial fraud before deciding to provide a license or engage in business with him. Manley, likewise, informed the juvenile court that the probation department objected to the sealing of appellant's Butler County juvenile records given the felony nature of many of the charges and appellant's extensive adult criminal record, which included charges that were brought "in the last few years."

{¶ 8} At the conclusion of the hearing, the juvenile court indicated it would take the matter under advisement. Approximately a month later, on November 23, 2021, the juvenile court issued a brief decision denying appellant's motion, stating "[t]he Motion to Seal Juvenile Record filed by the defendant is not well taken and shall be denied."

{¶ 9} Appellant appealed, raising the following as his sole assignment of error:

{¶ 10} THE TRIAL COURT FAILED TO ARTICULATE AND CREATE A RECORD SO THAT THIS COURT COULD MEANINGFULLY REVIEW ITS DECISION.

{¶ 11} Appellant argues that the brief manner in which the juvenile court denied his motion to seal his juvenile records prevents a meaningful appellate review and limits this court to "guessing" the basis for the denial of the motion. He contends that the juvenile court's decision should be reversed and the matter remanded for the court to articulate the basis or reason for its decision.

{¶ 12} A trial court's decision denying a motion to seal a juvenile record is reviewed

- 4 -

for an abuse of discretion. *In re C.H.*, 6th Dist. Wood Nos. WD-21-034 and WD-21-044 thru WD-21-049, 2021-Ohio-4233, ¶ 5; *In re H.S.*, 11th Dist. Geauga No. 2020-G-0239, 2020-Ohio-4530, ¶ 6. *Accord State v. Lowe*, 12th Dist. Fayette No. CA94-12-012, 1995 Ohio App. LEXIS 3249, * 5 (Aug. 7, 1995). An abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 13} The sealing of a criminal record is a "privilege, not a right" and should only be granted when all statutory requirements are met. *State v. Boykin*, 138 Ohio St.3d 97, 2013-Ohio-4582, ¶ 11, quoting *State v. Futrall*, 123 Ohio St.3d 498, 2009-Ohio-5590, ¶ 6. R.C. 2151.356 governs the sealing of juvenile records. The statute provides, in relevant part, that

> [t]he juvenile court shall consider the sealing of records pertaining to a juvenile upon the court's own motion or upon the application of a person if the person has been adjudicated a delinquent child for committing an act other than a violation of section 2903.01 [aggravated murder], 2903.02 [murder], or 2907.02 [rape] of the Revised Code, an unruly child, or a juvenile traffic offender and if, at the time of the motion or application, the person is not under the jurisdiction of the court in relation to a complaint alleging the person to be a delinquent child.

R.C. 2151.356(C)(1). In determining whether to seal juvenile records under division (C)(1), "[t]he court may require a person filing an application * * * to submit any relevant documentation to support the application" and "may cause an investigation to be made to determine if the person who is the subject of the proceedings has been rehabilitated to a satisfactory degree." R.C. 2151.356(C)(2)(a) and (b).

{¶ 14} Where a prosecuting attorney has objected to the sealing of records, the court must hold a hearing on the motion to seal. R.C. 2151.356(C)(2)(d)(iii). After conducting a hearing,

the court *may order* the records of the person that are the subject of the motion of the application to be sealed *if it finds that the person has been rehabilitated to a satisfactory degree.* In determining whether the person has been rehabilitated to a satisfactory degree, *the court may consider all of the following*:

(i) The age of the person;

(ii) The nature of the case;

(iii) The cessation or continuation of delinquent, unruly, or criminal behavior;

(iv) The education and employment history of the person;

(v) The granting of a new tier classification or declassification from the juvenile offender registry pursuant to section 2152.85 of the Revised Code, except for public registry-qualified juvenile offender registrants;

(vi) Any other circumstances that may relate to the rehabilitation of the person who is the subject of the records under consideration.

(Emphasis added.) R.C. 2151.356(C)(2)(e).

{¶ 15} The record in the present case demonstrates that the juvenile court complied with the requirements of R.C. 2151.356 in considering appellant's motion to seal his juvenile records. After obtaining the state's objection to appellant's motion, the court held a hearing on the motion. Appellant was permitted to introduce relevant testimony and evidence in support of his application. At the conclusion of the hearing, the court took the matter under advisement before ultimately denying appellant's motion to seal.

{¶ 16} Contrary to appellant's arguments, this court is not prevented from conducting a meaningful review of the denial of appellant's motion to seal his juvenile records. We acknowledge that "when a trial court does not make findings or otherwise explain its ruling on a motion, appellate review for abuse of discretion is more challenging, but that does not render appellate review impossible or ineffectual." *State v. Stoutamire*, 11th Dist. Trumbull No. 2020-T-0018, 2020-Ohio-4533, ¶ 11. "[I]t is useful to bear in mind the 'fundamental

tenant' of appellate review that '[r]eviewing courts affirm and reverse judgments, not reasons." *Id.* at ¶ 12, quoting *State v. Atkinson*, 5th Dist. Muskingum No. CT2019-0055, 2020-Ohio-3122, ¶ 15.

{¶ 17} Nothing in the plain language of R.C. 2151.356(C) required the juvenile court to make any specific findings in ruling on appellant's motion to seal. Had the legislature intended the juvenile court to make findings or mandated that certain considerations be expressly considered, it would have required it as it did in R.C. 2953.32, the statute governing the sealing of adult criminal convictions.[1] Instead, the legislature "afforded courts

---

1. Compare the language of the juvenile sealing statute, R.C. 2151.356, to the statute dealing with the sealing of an adult criminal conviction, R.C. 2953.32. Unlike the juvenile sealing statute, which speaks in terms of what they juvenile court "may" do or "may" consider, the adult sealing statute mandates certain determinations that the trial court must make in considering a motion to seal. R.C. 2953.32(C)(1) provides

> [t]he court *shall do* each of the following:
>
> (a) Determine whether the applicant is an eligible offender or whether the forfeiture of bail was agreed to by the applicant and the prosecutor in the case. If the applicant applies as an eligible offender pursuant to division (A)(1) of this section and has two or three convictions that result from the same indictment, information, or complaint, from the same plea of guilty, or from the same official proceeding, and result from related criminal acts that were committed within a three-month period but do not result from the same act or from offenses committed at the same time, in making its determination under this division, the court initially shall determine whether it is not in the public interest for the two or three convictions to be counted as one conviction. If the court determines that it is not in the public interest for the two or three convictions to be counted as one conviction, the court shall determine that the applicant is not an eligible offender; if the court does not make that determination, the court shall determine that the offender is an eligible offender.
>
> (b) Determine whether criminal proceedings are pending against the applicant;
>
> (c) If the applicant is an eligible offender who applies pursuant to division (A)(1) of this section, determine whether the applicant has been rehabilitated to the satisfaction of the court;
>
> (d) If the prosecutor has filed an objection in accordance with division (B) of this section, consider the reasons against granting the application specified by the prosecutor in the objection;
>
> (e) Weigh the interests of the applicant in having the records pertaining to the applicant's conviction or bail forfeiture sealed against the legitimate needs, if any, of the government to maintain those records;

considering motions to seal a juvenile's record broader discretion to consider the nature of the case than that afforded to adults." *In re H.S.*, 2020-Ohio-4530 at ¶ 23. Juvenile courts "may" consider the factors listed in R.C. 2151.356(C)(2)(e)(i)-(v) and "may" seal the juvenile records if it finds the person has been rehabilitated to a satisfactory degree. We are constrained to apply R.C. 2151.356 as written and cannot rewrite the statute to require specific findings in the denial of a motion to seal. *See, e.g., State v. Babyak*, 12th Dist. Madison No. CA2019-08-025, 2020-Ohio-325, ¶ 12-13 (holding that with respect to R.C. 2947.23, the plain language of the statute does not require the trial court to make any findings or consider an offender's present and future ability to pay when determining an offender's motion to waive court costs and the court would not rewrite the statute to include such a requirement).

{¶ 18} In the present case, the record of the hearing, combined with the results of the investigation the court's expungement clerk conducted, provides a sufficient basis for this court's review of the juvenile court's denial of appellant's motion to seal his juvenile records. Appellant's extensive juvenile record, which involved crimes that would have constituted felony fraud if committed by an adult, his multiple adult convictions, which spanned multiple years and involved multiple fraud-based offenses, and his

---

(f) If the applicant is an eligible offender of the type described in division (A)(3) of section 2953.36 of the Revised Code, determine whether the offender has been rehabilitated to a satisfactory degree. In making the determination, the court may consider all of the following:

(i) The age of the offender;

(ii) The facts and circumstances of the offense;

(iii) The cessation or continuation of criminal behavior;

(iv) The education and employment of the offender;

(v) Any other circumstances that may relate to the offender's rehabilitation.

interchangeable use of the names "W.D.K." and "J.W.C." and the social security numbers assigned to the respective names when he has been in criminal trouble over the past decade demonstrate that appellant has not been rehabilitated to a satisfactory degree. As the prosecutor noted during the hearing on appellant's motion to seal, the state bears a strong interest in ensuring that licensing authorities and potential business partners and clients of appellant have the ability to learn of appellant's history of financial fraud before deciding to provide a license or engage in business with him.

{¶ 19} Though the record in the present case was sufficient to allow this court's review without a more robust explanation from the juvenile court, we note that the best practice is for the juvenile court to set forth a detailed discussion of the factors it considered under R.C. 2151.356(C)(2)(e). Doing so will aid appellate review and is likely to increase public confidence in the judicial process. *See, e.g., In re A.M.*, 166 Ohio St.3d 127, 2020-Ohio-5102, ¶ 32 (noting that though R.C. 2151.414[D][1] does not require a juvenile court to make specific findings regarding each best-interest factor in a permanent custody determination, the "best practice is for the juvenile court to specifically address each factor" as it "aids in appellate review" and "is also likely to increase public confidence in the judicial process").

{¶ 20} Nonetheless, for the reasons set forth above, appellant's sole assignment of error is overruled and the juvenile court's denial of appellant's motion to seal his juvenile records is hereby affirmed.

{¶ 21} Judgment affirmed.

M. POWELL, P.J., and BYRNE, J., concur.