[Cite as *State v. R.L.*, 2025-Ohio-5138.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

STATE OF OHIO,                    :

    Plaintiff-Appellee,        :

                           No. 114828

    v.                                :

R.L.,                              :

    Defendant-Appellant.       :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** November 13, 2025

Civil Appeal from the Cuyahoga County Common Pleas Court
Case No. CR-19-636564-A

***Appearances:***

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Michael R. Wajda, Assistant Prosecuting
Attorney, *for appellee.*

Cullen Sweeney, Cuyahoga County Public Defender, and
Robert B. McCaleb, Assistant Public Defender, *for
appellant.*

ANITA LASTER MAYS, J.:

{¶1} Defendant-appellant R.L. appeals the trial court's denial of her motion

for expungement.  We reverse and remand to the trial court.

**{¶2}** On July 23, 2019, R.L. pleaded guilty to one count of aggravated trespass, a first-degree misdemeanor, in violation of R.C. 2911.211; and one count of assault, a first-degree misdemeanor, in violation of R.C. 2903.13(A). R.L. was sentenced to a suspended jail sentence of 38 days and one year of inactive community control.

## I. Facts and Procedural History

**{¶3}** At sentencing, R.L. was advised, as a condition of her probation, not to have contact with the victim D.N. On November 21, 2019, the trial court found R.L. to be in violation of her community-control sanctions by contacting D.N. in violation of the no-contact order. R.L. was ordered by the trial court to report to the probation officer on December 10, 2019, and then to continue reporting for 12 months based on the officer's discretion. On December 19, 2023, R.L. filed an application to expunge her record of arrest and conviction. On March 28, 2024, a hearing on R.L.'s application was scheduled. R.L.'s attorney appeared, but R.L. did not attend the hearing. Counsel requested a continuance. Her trial counsel's motion to continue the hearing was denied, and the application for expungement was deemed as withdrawn for want of prosecution.

**{¶4}** On September 27, 2024, R.L. filed another application for expungement. On October 29, 2024, the State of Ohio ("the State") filed a brief in opposition. The opposition was partially based on opposition from the victim. Additionally, the State noted that R.L. had been convicted of several low-level offenses between her conviction in this case and the filing of the application to

expunge.  On November 21, 2024, a hearing on R.L.'s application for expungement was held, but she did not attend.  After taking the matter under advisement, on December 12, 2024, the trial court denied R.L.'s motion for expungement without explanation.

{¶5} On December 18, 2024, R.L. filed another application for expungement.  This time R.L. attempted to explain her absence on November 21, 2024, and requested a new hearing.  On January 17, 2025, the State filed its response not opposing the expungement.  The State agreed that R.L. was statutorily eligible for an expungement.  The State also informed the court that they were unable to contact the victim and therefore could not continue to oppose R.L.'s motion.  The trial court did not set a hearing.  On January 23, 2025, by journal entry, the trial court denied R.L.'s motion to expunge her record, stating: "The defendant's motion for expungement, filed 12/18/2024, is denied."  Journal Entry No. 191293807 (Jan. 23, 2025).

{¶6} R.L. filed this appeal, assigning two errors for our review:

1.    The trial court abused its discretion when it denied R.L.'s motion for expungement because that decision failed to properly weigh the competing interests involved and is not supported by the record; and

2.    The trial court failed to articulate and create a record for this Court to engage in a meaningful appellate review.

## II.    Standard of Review

**{¶7}** "Generally speaking, a trial court's decision to grant or deny an expungement is reviewed for abuse of discretion." *State v. L.M.*, 2025-Ohio-3076, ¶ 7 (8th Dist.), citing *State v. B.J.*, 2018-Ohio-5358, ¶ 9 (8th Dist.). "The applicability of the statute, however — i.e., statutory interpretation — is a question of law subject to de novo review." *Id.*, citing *id.*

### III. Law and Analysis

**{¶8}** We will review both assignments of error together. In R.L.'s first assignment of error, she argues that the trial court abused its discretion when it denied her application for expungement and failed to weigh the competing interests involved. R.L. contends in her second assignment of error that the trial court failed to articulate and create a record for this court to engage in a meaningful appellate review. In R.L.'s brief in support of her motion to expunge, she states that she had "successfully completed the sentence and the applicable time has passed making" her eligible to file the application for the expungement of her record. However, "[e]xpungement is an act of grace created by the state, and so it is a privilege, not a right." (Cleaned up.) *State v. S.J.*, 2020-Ohio-183, ¶ 10 (8th Dist.).

**{¶9}** "Trial courts apply a two-step analysis when determining whether to grant an application to seal a record of conviction." *State v. T.W.C.*, 2025-Ohio-2890, ¶ 9. "First, the trial court 'determines whether the offender is an eligible offender, including whether the offender has waited the requisite time before filing.'" *Id.*, quoting *State v. J.L.*, 2020-Ohio-3466, ¶ 9 (10th Dist.). "Second, the

trial court 'weighs a number of substantive considerations for and against the sealing.'" *Id.*, quoting *id.* at ¶ 9.

{¶10} The former statutory law defining an eligible offender has changed, and now R.C. 2953.32(C) and (D) defines what the trial court must do in order to determine if an offender's record can be sealed. Additionally,

> [a]n offender who was convicted of a fourth-or fifth-degree felony may apply to have his [or her] sealed one year after receiving a final discharge. If the offender owes restitution, he obtains a final discharge and is eligible to have his conviction sealed only when restitution has been fully paid.

*T.W.C.* at ¶ 1.

{¶11} This record is incomplete because the trial court did not state whether it determined if R.L. is statutorily eligible or whether she has waited the requisite time before filing her application. Additionally, the trial court did not provide a record demonstrating that it weighed a number of substantive considerations for and against the sealing, although it held a hearing on the matter in November 2024. "The Ohio Supreme Court has recognized that 'the essential purpose of an expungement hearing is to provide a reviewing court with all relevant information bearing on an applicant's eligibility for expungement.'" *State v. M.R.*, 2017-Ohio-973, ¶ 16 (8th Dist.), quoting *State v. Hamilton*, 75 Ohio St.3d 636, 640 (1996). *See State v. B. H.*, 2018-Ohio-2649, ¶ 16 (8th Dist.).

{¶12} The trial court's journal entry is incomplete and does not provide any relevant information regarding the trial court's determination and thus failed to provide this court with an opportunity to review the trial court's judgment. *Id.* The

journal entry simply states: "Defendant [R.L.'s] motion for expungement, filed 12/18/2024, is denied." Journal Entry No. 191293807 (Jan. 23, 2025).

{¶13} The State argues that R.L.'s arguments are barred by res judicata. "Based upon the foregoing well-established principles, Ohio courts have held that the doctrine of res judicata ordinarily prohibits successive applications to seal a conviction." *State v. S.J.*, 2020-Ohio-183, ¶ 12 (8th Dist.), quoting *State v. D.M.*, 2018-Ohio-3327, ¶ 24-25 (4th Dist.). "A successive application may succeed, however, if the defendant establishes 'a change in circumstances from the time of the filing of the previous application.'" *Id.*, quoting *In re Sealing of the Record of Brown*, 2008-Ohio-4105, ¶ 10 (10th Dist.). "In the absence of a change in circumstances, 'res judicata bars successive attempts to relitigate the same issues in subsequent expungement applications.'" *Id.*, quoting *id.*

{¶14} The State further argues that both of R.L.'s applications for expungement were identical and R.L. did not establish a change of circumstances from the time of filing the first application. While R.L.'s applications were identical, the trial court did not rule that the second application was successive, but instead simply denied it. Furthermore, the State did not make that argument in the trial court. *See State v. Smith*, 2020-Ohio-1026, ¶ 13 (8th Dist.) ("A party cannot raise new issues or arguments for the first time on appeal."); *State v. Delgado*, 2015-Ohio-5256, ¶ 15 (8th Dist.) ("The state never asserted res judicata in the trial court, however, and cannot raise it now on appeal.") Instead, the State noted that R.L. was statutorily eligible and that they were not opposing the motion.

**{¶15}** Therefore, R.L.'s assignments of error are sustained.  We reverse the trial court's decision and remand the case to the trial court for consideration of the statutory factors in order to provide a complete record.

**{¶16}** Judgment reversed and case remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

MICHELLE J. SHEEHAN, P.J., and
MICHAEL JOHN RYAN, J., CONCUR