[Cite as *In re C.T.*, 2011-Ohio-4275.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

IN THE MATTER OF:

JUDGES:
Hon. W. Scott Gwin, P. J.
Hon. John W. Wise, J.
Hon. Julie A. Edwards, J.

C.T.

Case No. 11 CA 19

Minor Child

O P I N I O N

CHARACTER OF PROCEEDING:     Civil Appeal from the Court of
Common Pleas, Juvenile
Division, Case No.  A2003-1033

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     August 25, 2011

APPEARANCES:

For  Appellee

KENNETH W. OSWALT
PROSECUTING ATTORNEY
LIA MEEHAN
ASSISTANT PROSECUTOR
20 South Second Street
Newark, Ohio  43055

For Appellant

JILL BEELER
ASSISTANT PUBLIC DEFENDER
CHARLYN E. BOHLAND
LEGAL INTERN
250 East Broad Street
Columbus, Ohio  43215

*Wise, J.*

{¶1} Appellant C.T., an adult previously adjudicated as a delinquent child, appeals the decision of the Licking County Court of Common Pleas, Juvenile Division, which denied his application to expunge or seal his juvenile delinquency record. The relevant facts leading to this appeal are as follows.

{¶2} On January 29, 2004, appellant, then a seventeen-year-old minor, was adjudicated delinquent in the Licking County Juvenile Court on ten counts of pandering sexually oriented matter involving a minor, R.C. 2907.322. On February 27, 2004, the court committed him to DYS for a minimum of eighteen months and a maximum of his twenty-first birthday.

{¶3} On April 27, 2006, the court conducted a juvenile sex offender classification hearing under R.C. 2152.83(A). The court issued an order on the same day finding appellant to be a juvenile sex offender registrant and that he had a duty to register under R.C. 2950.04(A)(2).

{¶4} On May 3, 2006, appellant was placed on DYS parole supervision.

{¶5} On or about February 20, 2007, appellant, having reached age twenty-one, was discharged from DYS parole.

{¶6} About three and one-half years later, on September 3, 2010, following hearings upon appellant's petition for declassification and the trial court's review of his reassessment evaluation, the court removed appellant from further sex offender registration requirements.

{¶7} On December 28, 2010, appellant filed an application to seal his juvenile record. The State of Ohio filed a memorandum in opposition on January 12, 2011. The

juvenile court conducted a hearing on January 24, 2011, but it determined that appellant's application was untimely and denied same.

**{¶8}** On February 23, 2011, appellant filed a notice of appeal. He herein raises the following sole Assignment of Error:

**{¶9}** "I.    THE JUVENILE COURT ERRED WHEN IT DENIED [C.T'S] APPLICATION TO SEAL HIS JUVENILE RECORD BASED UPON ITS DETERMINATION THAT THE JOURNAL ENTRY ORDERING DECLASSIFICATION WAS THE MOST RECENT ORDER MADE BY THE COURT IN RELATION TO THE ADJUDICATION."

I.

**{¶10}** In his sole Assignment of Error, appellant contends the trial court erred in denying his application to seal his juvenile record on grounds of timeliness. We disagree.

**{¶11}** "The provisions of H.B. 137 regarding the sealing of juvenile delinquency records promote [the] goals of rehabilitation and reintegration into society by permitting rehabilitated offenders to apply to have their records sealed so that they can leave their youthful offenses in the past." *State v. Bloomer*, 122 Ohio St.3d 200, 212, 909 N.E.2d 1254, 2009-Ohio-2462.

**{¶12}** R.C. 2151.356(C)(1) addresses certain time requirements concerning an application to seal a juvenile record:

**{¶13}** "The juvenile court shall consider the sealing of records pertaining to a juvenile upon the court's own motion or upon the application of a person if the person has been adjudicated a delinquent child for committing an act other than a violation of

section 2903.01, 2903.02, 2907.02, 2907.03, or 2907.05 of the Revised Code, an unruly child, or a juvenile traffic offender and if, at the time of the motion or application, the person is not under the jurisdiction of the court in relation to a complaint alleging the person to be a delinquent child. The motion or application may be made at any time after two years after the later of the following:

**{¶14}** "(a) The termination of any order made by the court in relation to the adjudication;

**{¶15}** "(b) The unconditional discharge of the person from the department of youth services with respect to a dispositional order made in relation to the adjudication or from an institution or facility to which the person was committed pursuant to a dispositional order made in relation to the adjudication."

**{¶16}** In the case sub judice, the trial court applied subsection (C)(1)(a), supra, and denied the application to seal the record on the basis that C.T. "was a juvenile sex offender registrant until 09-03-2010, when the Court terminated registration." Judgment Entry, January 24, 2011, at 2. The specific issue before us is thus whether the trial court incorrectly found the order of termination of appellant's registration requirements to be an "order in relation to the adjudication" under subsection (C)(1)(a). In practical terms, if the trial court is correct, appellant would have to wait until at least September 3, 2012 (two years after the termination of registration order) to apply for a sealing of his juvenile record.

**{¶17}** "In construing a statute, a court's paramount concern is the legislative intent in enacting the statute." *State v. S.R.* (1992), 63 Ohio St.3d 590, 594, 589 N.E.2d 1319. In order to determine the legislative intent, a court must first look to the statute's

language. *Provident Bank v. Wood* (1973), 3661 Ohio St.2d 101, 105, 304 N.E.2d 378. We ordinarily must presume that the legislature means what it says; we cannot amend statutes to provide what we consider a more logical result. See *State v. Link,* 155 Ohio App.3d 585, 2003-Ohio-6798, 802 N.E.2d 680, ¶ 17, citing *State v. Virasayachack* (2000), 138 Ohio App.3d 570, 741 N.E.2d 943.

**{¶18}** Appellant, without specific case law support, argues that R.C. 2151.356(C)(1)(a) is inapplicable to him, suggesting it refers to those found to be delinquent but only those whose dispositions did not necessarily include a commitment to DYS or a similar facility. Appellant also urges that the "drastic" nature of sex offender registrant classification, which can continue past the age of twenty-one under R.C. 2151.82, means that the declassification orders should relate back to the original classification order, not the adjudication, for purposes of R.C. 2151.356(C)(1)(a).

**{¶19}** However, upon review, we find the language of the General Assembly in R.C. 2151.356(C)(1) is clear and evinces no legislative intent to exclude juvenile sex offender registrant declassifications from the category of orders which "relate to the adjudication," thus invoking the two-year waiting period for seeking sealing of juvenile records in this instance. The trial court's decision to deny appellant's application to seal was therefore not erroneous as a matter of law.

{¶20}  Appellant's sole Assignment of Error is therefore overruled.

{¶21}  For the reasons stated in the foregoing opinion, the judgment of the Court

of Common Pleas, Juvenile Division, Licking County, Ohio, is hereby affirmed.


By: Wise, J.

Gwin, P. J., and

Edwards, J., concur.


_____

_____

_____

JUDGES

JWW/d 0804

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


IN THE MATTER OF: :
 :
    C.T. : JUDGMENT ENTRY
 :
    Minor Child : Case No. 11 CA 19


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, Licking County, Ohio, is affirmed.

Costs assessed to appellant.


_____


_____


_____

                     JUDGES