[Cite as *In re H.S.*, 2020-Ohio-4530.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**GEAUGA COUNTY, OHIO**

| | | |
|---|---|---|
| IN THE MATTER OF:<br>H.S., DELINQUENT CHILD | : | **O P I N I O N** |
| | : | |
| | | **CASE NO. 2020-G-0239** |
| | : | |

Appeal from the Geauga County Court of Common Pleas, Juvenile Division, Case No. 2015 JD 000167.

Judgment: Affirmed.

*James R. Flaiz,* Geauga County Prosecutor, and *Natalie E. Harper,* Geauga County Assistant Prosecutor, Courthouse Annex, 231 Main Street, Suite 3A, Chardon, OH 44024 (For Appellee, State of Ohio).

*Timothy Young,* Ohio Public Defender, and *Abigail J. Christopher,* Assistant Public Defender, 250 East Broad Street, Suite 1400, Columbus, OH 43215 (For Appellant, H.S.).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, H.S., previously adjudicated a delinquent child, appeals from the December 10, 2019 judgment of the Geauga County Court of Common Pleas, Juvenile Division, denying her motion to seal her juvenile record. For the reasons set forth herein, the judgment is affirmed.

{¶2} In May 2015, appellant was charged with seven counts: Complicity to Commit Aggravated Arson, in violation of R.C. 2909.02(A)(1) and R.C. 2923.03(A)(3), a felony of the first degree, if committed by an adult; Complicity to Commit Aggravated Arson, in violation of R.C. 2909.02(A)(2) and R.C. 2923.03(A)(3), a felony of the second

degree, if committed by an adult; Complicity to Commit Vandalism, in violation of R.C. 2909.05(A) and R.C. 2923.03(A)(3), a felony of the third degree, if committed by an adult; Tampering with Evidence, in violation of R.C. 2921.12(A)(1), a felony of the third degree, if committed by an adult; Burglary, in violation of R.C. 2911.12(A)(3), a felony of the third degree, if committed by an adult; Breaking and Entering, in violation of R.C. 2911.12(B), a felony of the fifth degree, if committed by an adult; and Theft, in violation of R.C. 2913.02(A)(1), a felony of the fifth degree, if committed by an adult. Appellant entered a plea of "true" to all seven counts.

{¶3} Disposition was held in October 2015, and appellant was committed to the Department of Youth Services ("DYS") for a minimum of three years and a total maximum period ending on her twenty-first birthday and ordered to pay restitution. After serving 15 months, the court granted appellant early release from DYS and ordered the remainder of appellant's DYS time suspended. She was placed on probation and subject to several conditions, including participation in counseling and NA/AA meetings, 40 hours of community service, and attending college full time or maintaining full employment.

{¶4} In January 2018, the court terminated her probation. In July 2019, appellant filed a motion to seal her juvenile record. The state opposed the motion and the court held a hearing on August 21, 2019. Ultimately, the court denied appellant's motion. Appellant timely appealed, assigning one error for our review, which states:

{¶5} The lower court abused its discretion by denying H.S.'s motion to seal her juvenile records based only on the seriousness of the offense. R.C. 2151.355. (12/10/2019 Entry p.1).

{¶6} An appellate court reviews a lower court's decision to deny a motion to seal for abuse of discretion. *State v. S.J.*, 8th Dist. Cuyahoga No. 108126, 2020-Ohio-183, ¶6. "A trial court abuses its discretion when its judgment fails to comport with either

2

reason or the record." *In re T.M.*, 11th Dist. Geauga No. 2016-G-0067, 2017-Ohio-156, ¶14. "An abuse of discretion may be found when the trial court 'applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact.'" *Cobb v. Shipman*, 11th Dist. Trumbull No. 2013-T-0117, 2015-Ohio-2604 ¶19, quoting *Thomas v. Cleveland*, 176 Ohio App.3d 401, 2008-Ohio-1720 ¶15 (8th Dist.). "When applying the abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court." *In re Jane Doe 1*, 57 Ohio St.3d 135, 137-38 (1991). "When, however, it is necessary for an appellate court to interpret and apply statutory provisions, its standard of review is de novo." *State v. M.J.*, 11th Dist. Ashtabula No. 2018-A-0046, 2019-Ohio-1420, ¶5.

{¶7} R.C. 2151.356 governs the sealing of juvenile records. As appellant was not adjudicated a delinquent child for committing a violation of section 2903.01 (aggravated murder), 2903.02 (murder), or 2907.02 (rape) of the Revised Code, R.C. 2151.356(A) is not applicable. Nor is appellant's record required to be sealed, pursuant to R.C. 2151.356(B). Instead, subsection (C) applies to the case sub judice, which provides, in pertinent part:

{¶8} (2) In making the determination whether to seal records pursuant to division (C)(1) of this section, all of the following apply:

{¶9} * * *

{¶10} (e) After conducting a hearing in accordance with division (C)(2)(d) of this section or after due consideration when a hearing is not conducted, except as provided in division (B)(1)(c) of this section, the court may order the records of the person that are the subject of the motion or application to be sealed if it finds that the person has been rehabilitated to a satisfactory degree. In determining whether the person has been rehabilitated to a satisfactory degree, the court may consider all of the following:

{¶11} (i) The age of the person;

{¶12} (ii) The nature of the case;

3

{¶13} (iii) The cessation or continuation of delinquent, unruly, or criminal behavior;

{¶14} (iv) The education and employment history of the person;

{¶15} (v) The granting of a new tier classification or declassification from the juvenile offender registry pursuant to section 2152.85 of the Revised Code, except for public registry-qualified juvenile offender registrants;

{¶16} (vi) Any other circumstances that may relate to the rehabilitation of the person who is the subject of the records under consideration.

{¶17} Appellant asserts the trial court based its decision to deny her motion to seal based solely on the serious nature of the offenses, and notes that during the hearing the court stated, "there's nothing more she needs to do for rehabilitation as far as this court is concerned." Accordingly, she argues, the trial court abused its discretion by denying her motion.

{¶18} However, to argue the court denied her motion to seal based only on the seriousness of the offense mischaracterizes the court's rationale. During the hearing, the court considered all the factors provided in R.C. 2151.356(C)(e): appellant's age, the nature of the case, the cessation of or continuation of delinquent, unruly, or criminal behavior, her education and employment history, and, falling under R.C. 2151.356(C)(2)(e)(iv), the applicability of the arson registry statue, R.C. 2909.14, which the court ultimately found inapplicable to this case. Thus, any argument that the court did not consider all the required factors is not supported by the record.

{¶19} Furthermore, appellant argues the court cannot deny a motion to seal when the only factor weighing against the movant is the seriousness of the offense because, as the court noted, that factor will never change. Appellant argues this and other courts have held that the nature of the offense cannot be the sole basis to deny an application

4

to seal a record, citing *M.J., supra; State v. M.H.,* 8th Dist. Cuyahoga No. 105589, 2018-Ohio-582; and *State v. Clellan,* 10th Dist. Franklin No. 10AP-44, 2010-Ohio-5867.

{¶20} While in each of these cases the appellate court noted that the lower court may not base its decision to deny a motion to seal based solely on the seriousness of the offense, those cases applied the adult sealing statute, R.C. 2953.32. Unlike the juvenile sealing statute applicable here, R.C. 2952.32 requires the sentencing court to, inter alia, "[w]eigh the interests of the applicant in having the records pertaining to the applicant's conviction or bail forfeiture sealed against the legitimate needs, if any, of the government to maintain those records." R.C. 2953.32(C)(1). Moreover, the ultimate reason the appellate courts in *M.J., M.H.,* and *Clellan* reversed the lower courts' denials was that the lower courts failed to weigh, or, as in *Clellan,* abuse its discretion in weighing, the legitimate need to keep the record public against the movant's interests as required by the adult sealing statute.

{¶21} Furthermore, in *M.J.,* the appellant likewise cited *M.H.* and *Clellan,* as well as several other similar cases from other appellate districts, for the proposition that the court cannot base its decision solely on the nature of the offense. In interpreting those cases, this court clarified the rule, stating:

{¶22} The foregoing cases stand for the overarching proposition that a trial court cannot deny an application without considering, on record, each of the factors set forth in the statute. As such, a court cannot deny an application solely on the nature of the offense; if, however, the trial court adequately considered and placed its findings on the record, it must consider the nature of the offense as a factor in denying a motion. After all, the nature of the offense that is the subject of the application is inherently germane to the trial court's ultimate ruling, to wit: it serves to establish whether the applicant is an eligible offender. *M.J., supra,* at ¶21.

{¶23} This further demonstrates the distinction between R.C. 2953.32, the adult sealing statute, and R.C. 2151.356, the juvenile sealing statute. In R.C. 2953.32, the

5

court considers the nature of the offense in order to determine whether the offender is eligible for their record to be sealed. The legislature apparently afforded the court greater consideration of the nature of the offense in juvenile cases, pursuant to R.C. 2151.356. Unless the juvenile offender committed an offense that was ineligible for sealing pursuant to R.C. 2151.356(A), or that is required to be sealed pursuant to R.C. 2151.356(B), the court otherwise "*may* consider" the factors listed in R.C. 2151.356(C)(2)(e)(i) through (vi), including the nature of the offense, and "*may* [seal the records] if it finds that the person has been rehabilitated to a satisfactory degree." (Emphasis added.) R.C. 2151.356(C)(2)(e). Thus, *M.J., M.H.,* and *Clellan*, applying the adult sealing statute, are not analogous to the case sub judice. The legislature appears to have afforded courts considering motions to seal a juvenile's record broader discretion to consider the nature of the case than that afforded to adults.

{¶24} However, while the sealing of an adult or juvenile record is a privilege, not a right, "[t]he expungement provisions are remedial in nature and 'must be liberally construed to promote their purposes.'" *M.J., supra,* at ¶7, quoting *State ex rel. Gains v. Rossi*, 86 Ohio St.3d 620, 622 (1999). "One of the overriding purposes of our juvenile justice system is the rehabilitation of offenders." *State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, ¶54 (overturned on other grounds), citing R.C. 2151.01 and *In re Caldwell*, 76 Ohio St.3d 156, 157-158 (1996). Further recognizing the legislative intent of R.C. 2151.356, the Ohio Supreme Court has explained the goals of R.C. 2151.356 as "rehabilitation and reintegration into society by permitting rehabilitated offenders to apply to have their records sealed so that they can leave their youthful offenses in the past." *Bloomer, supra.* Nevertheless, except as provided in R.C. 2151.356(A) and (B), the

6

legislature afforded courts reviewing a juvenile's motion to seal discretion in determining whether an offender has been rehabilitated.

{¶25} The appellant here relies heavily on the court's statement that "there is nothing more [H.S.] needs to do for rehabilitation." This statement, however, does not necessarily indicate that it found appellant was rehabilitated. Indeed, at the hearing, the court stated it found it "a little disturbing" that since her release appellant incurred a traffic ticket and was in a car accident in which she was cited for causing more than $1,000 worth of damage. Additionally, the court did not rule out the possibility of a future motion being granting, stating "while H.[S.] has made progress, and is encouraged to continue to do so, the serious nature of the underlying offense in this case requires a cautionary approach to sealing of the record at this time. H.[S.] is encouraged to continue her rehabilitative efforts and to refile * * *."

{¶26} After reviewing all the statutory factors, the court decided, in its discretion, appellant was not yet satisfactorily rehabilitated to a degree that merited the sealing of her record. The court did not apply the wrong standard, misapply the correct legal standard, or rely on clearly erroneous facts. Thus, we cannot agree that the trial court abused its discretion in denying appellant's motion. Accordingly, appellant's assignment of error is without merit.

{¶27} In light of the foregoing, the judgment of the Geauga County Court of Common Pleas, Juvenile Division, is affirmed.


THOMAS R. WRIGHT, J.,

MATT LYNCH, J.,

concur.

7