[Cite as *In re I.J.*, 2023-Ohio-2024.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

|  |  |  |
|---|---|---|
| IN RE: I.J. | : | APPEAL NO. C-220553 |
|  |  | TRIAL NO. 10-9269Z |
|  | : |  |
|  | : | *O P I N I O N.* |

Appeal From: Hamilton County Juvenile Court

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: June 21, 2023

*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *Keith Sauter*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Jessica R. Moss*, Assistant Public Defender, for Defendant-Appellant.

**BERGERON, Presiding Judge.**

{¶1} In 2021, defendant-appellant I.J. sought to seal and expunge 46 cases from his juvenile record. Ultimately, the juvenile court sealed and expunged 45 of the 46 cases. I.J. presently appeals the denial of his application for the remaining case, arguing that the juvenile court abused its discretion. We agree, reverse the juvenile court's judgment, and remand this cause with instructions for the juvenile court to seal and expunge the record of the remaining case.

I.

{¶2} In December 2021, 28-year-old I.J. filed applications to seal and expunge his juvenile record, which contained 46 cases. The following month, a magistrate denied I.J.'s applications without a hearing, based on "the interests of society or in the interests of justice." At this point, the procedural history becomes somewhat messy.

{¶3} One juvenile court judge handled the cases ending in "X" (the "X cases") and a second judge addressed the remaining cases—those ending in "Z" (the "Z cases"). The first judge rejected the magistrate's decision and granted sealing and expungement of the record of the X cases after finding that I.J. had been rehabilitated. With respect to the Z cases, I.J. filed an objection to the magistrate's decision in February 2022. In July 2022, the juvenile court granted I.J.'s objection in part and ordered the magistrate to conduct a hearing on the Z cases to determine whether I.J. had been sufficiently rehabilitated. The matter was then returned to the magistrate for the hearing.

{¶4} Later in July, at the hearing, the magistrate indicated that I.J. owed outstanding restitution in the case numbered 10-9269Z, which reflected a charge for

what would be breaking and entering if committed by an adult. Although I.J. did not appear for the hearing, counsel informed the magistrate that I.J. had stayed out of trouble and had not been convicted of a felony since 2015. Counsel also explained that the first judge had sealed and expunged the records of the X cases after finding I.J. rehabilitated. In arguing against sealing and expungement, the state raised I.J.'s adult record, including a 2018 misdemeanor drug charge and various traffic offenses.

{¶5} Following the hearing, the magistrate granted sealing and expungement in all I.J.'s remaining cases except for the case numbered 10-9269Z, the case in which he failed to pay restitution. In sum, 45 of I.J.'s 46 juvenile cases were sealed and expunged from his record upon sufficient findings of his rehabilitation.

{¶6} In August 2022, I.J. filed an objection to the magistrate's decision regarding the case numbered 10-9269Z, and he supplemented the objection in September. In October, following a hearing on the matter, the juvenile court denied I.J.'s objection. The court noted that the magistrate erred in basing her denial of I.J.'s application on the "interests of society or in the interests of justice," but from its own independent review of the record, the court determined that the magistrate reached the appropriate legal conclusion. The court reviewed various factors, including continued criminal behavior, failure to pay restitution, and lack of affirmative evidence of rehabilitation due to I.J.'s failure to appear in court, in concluding that the magistrate had properly denied I.J.'s request for sealing and expungement of his record in the case numbered 10-9269Z. I.J. now appeals this decision.

II.

**{¶7}** In his sole assignment of error, I.J. maintains that the juvenile court erred by refusing to seal and expunge his juvenile record in the case numbered 10-9269Z. He insists that the court abused its discretion when it denied his request because he had demonstrated sufficient rehabilitation, and that the court's decision was contrary to the purposes and principles of the juvenile justice system. I.J. also argues that the court erred in considering his failure to pay restitution in this case as a factor indicating a lack of rehabilitation.

**{¶8}** "The sealing of a record of a criminal conviction is a privilege, not a right." *State v. D.K.*, 8th Dist. Cuyahoga No. 106539, 2018-Ohio-2522, ¶ 13. But sealing and expungement provisions are remedial in nature and are to be liberally construed. *See State v. A.S.*, 2022-Ohio-3833, 199 N.E.3d 994, ¶ 7 (1st Dist.); *D.K.* at ¶ 13, quoting *State v. M.D.*, 8th Dist. Cuyahoga No. 92534, 2009-Ohio-5694, ¶ 9. Moreover, statutory provisions " 'regarding the sealing of juvenile delinquency records promote [the] goals of rehabilitation and reintegration into society by permitting rehabilitated offenders to have their records sealed so that they can leave their youthful offenses in the past.' " *In re C.T.*, 5th Dist. Licking No. 11 CA 19, 2011-Ohio-4275, ¶ 11, quoting *State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254, ¶ 54; *see In re H.S.*, 2020-Ohio-4530, 159 N.E.3d 344, ¶ 24 (11th Dist.). Sealing and expungement provisions provide persons "who have demonstrated rehabilitation with a second chance, so that they can avoid [the] collateral consequences of a criminal record and the associated obstacles to becoming a thriving and productive member of society." *A.S.* at ¶ 10, citing *State v. R.S.*, 1st Dist. Hamilton Nos. C-210169, C-210170, C-210171, C-210172 and C-210173, 2022-Ohio-1108, ¶ 10.

4

{¶9} We review the trial court's decision for an abuse of discretion. *See In re A.J.*, 1st Dist. Hamilton No. C-210111, 2021-Ohio-3917, ¶ 6 ("Generally, appellate courts review a trial court's decision whether to seal records under an abuse-of-discretion standard."). We will thus not reverse the trial court's judgment unless the court has exercised its discretionary judgment over the matter in an unwarranted way or committed legal error. *See Johnson v. Abdullah*, 166 Ohio St.3d 427, 2021-Ohio-3304, 187 N.E.3d 463, ¶ 35.

{¶10} The juvenile record sealing statute provides, in relevant part, that "the court may order the records of the person that are the subject of the motion or application to be sealed if it finds that the person has been rehabilitated to a satisfactory degree." R.C. 2151.356(C)(2)(e). In determining whether the person has been satisfactorily rehabilitated, the court may consider all of the following:

(i) The age of the person;

(ii) The nature of the case;

(iii) The cessation or continuation of delinquent, unruly, or criminal behavior;

(iv) The education and employment history of the person;

(v) The granting of a new tier classification or declassification from the juvenile offender registry * * *;

(vi) Any other circumstances that may relate to the rehabilitation of the person who is the subject of the records under consideration.

*Id.*

{¶11} Here, the juvenile court weighed these statutory factors and made various findings. The court concluded that the magistrate properly denied I.J.'s

5

application for sealing and expungement of the case numbered 10-9269Z, after considering I.J.'s age (29 years old), the nature of the offense (if he were an adult at the time of the offense, breaking and entering—a felony of the fifth degree), the continuation of delinquent or criminal behavior (a 2015 traffic-related felony conviction, 2018 misdemeanor drug charge, and various traffic offenses), education and employment history (noting that there is no evidence in the record regarding I.J.'s employment and education), and other circumstances that may relate to rehabilitation (the failure to pay restitution in this case).

{¶12} In light of the findings of rehabilitation in 45 of the 46 cases on his juvenile record, for the juvenile court's denial of the application to seal and expunge the record of the final case to constitute a proper exercise of its discretion, there would need to exist a compelling rationale for reaching a different outcome in the remaining case. Because I.J.'s age, adult record, and education and employment history are consistent factors across all 46 cases, they cannot justify the different conclusion reached by the juvenile court in this case. And from our review of the record, we conclude that the remaining factors weighed by the court—the nature of the offense and the "other circumstances" factor (here, nonpayment of restitution)—fail to provide a sufficient basis for the denial of I.J.'s application to seal and expunge the record of the case numbered 10-9269Z where the courts found him to have been satisfactorily rehabilitated in the other 45 cases on his juvenile record.

{¶13} Turning first to the nature of the case—the offense in this case was for breaking and entering, a felony of the fifth degree if committed by an adult. I.J. committed the offense when he was just 17 years old, 12 years prior to the juvenile court's decision. The crime was nonviolent, and in light of I.J.'s sparse adult record,

the nature of the case cannot, on its own, support the juvenile court's decision adopting the magistrate's denial of the application to seal and expunge the record of this case. Additionally, the nature of the offense is the only legitimate factor weighed by the court differentiating the case at hand from the cases in which I.J. was found to have been rehabilitated, and "the nature of the offense 'cannot provide the sole basis to deny an application.' " *A.S.*, 2022-Ohio-3833, 199 N.E.3d 994, at ¶ 15, quoting *R.S.*, 1st Dist. Hamilton Nos. C-210169, C-210170, C-210171, C-210172 and C-210173, 2022-Ohio-1108, at ¶ 29.

{¶14} We turn next to a review of the "other circumstances" factor, under which the juvenile court considered I.J.'s failure to pay restitution. The juvenile court relies on this court's decision in *State v. Ushery*, 1st Dist. Hamilton No. C-120515, 2013-Ohio-2509, in weighing I.J.'s nonpayment of restitution as a factor bearing on his rehabilitation. However, *Ushery* addresses the consideration of nonpayment of court costs in determining whether to seal *adult* cases. *Ushery* at ¶ 15 ("[Defendant's] failure to pay the court costs is a factor that the trial court can consider when determining, in the exercise of its discretion, whether [defendant] has been rehabilitated such that expungement of her [adult] conviction is appropriate."). Juvenile cases are distinguishable, because a juvenile court may no longer exercise its jurisdiction over a person once that person reaches the age of 21. Accordingly, "when a juvenile has been adjudicated delinquent prior to his 18th birthday, any dispositional order that the juvenile court makes, *including an order of restitution*, terminates by operation of law on the juvenile's 21st birthday." (Emphasis added.) *In re J.Z.*, 6th Dist. Huron No. H-11-003, 2012-Ohio-1105, ¶ 11; R.C. 2151.38; R.C. 2152.22(A) ("[D]ispositional orders made by the court under this chapter shall be temporary and

7

shall continue for a period that is designated by the court in its order, until terminated or modified by the court or until the child attains twenty-one years of age."); R.C. 2152.02(C)(6); *In re R.K.*, 8th Dist. Cuyahoga No. 84948, 2004-Ohio-6918, ¶ 6, 15-16 (holding that the juvenile court's jurisdiction to collect court costs, fines, and to impose other sanctions ends when the person reaches the age of 21). As such, an adult applicant's failure to pay restitution in a juvenile case is probative only of that person at 21 years old, not whether he or she is rehabilitated at the time of applying for sealing and expungement. Here, the juvenile court issued its decision when I.J. was 29 years old—over 8 years after the juvenile court lost jurisdiction over him and the order of restitution terminated.

{¶15} Therefore, in light of the record at hand and the fact that 45 of I.J.'s 46 juvenile cases were sealed and expunged upon findings of rehabilitation, we conclude that the juvenile court's findings in the case numbered 10-9269Z were not so dissimilar to the findings in the 45 sealed and expunged cases to warrant the different outcome in this case. The court's decision to the contrary represents an abuse of discretion, *see Johnson*, 166 Ohio St.3d 427, 2021-Ohio-3304, 187 N.E.3d 463, at ¶ 35, so we sustain I.J.'s assignment of error.

\*    \*    \*

{¶16} In light of the foregoing analysis, we sustain I.J.'s sole assignment of error. We reverse the judgment of the juvenile court and remand this matter to the court with instructions to seal and expunge the record of I.J.'s juvenile adjudication in the case numbered 10-9269Z.

Judgment reversed and cause remanded.

**BOCK** and **KINSLEY, JJ.,** concur.

Please note:

      The court has recorded its entry on the date of the release of this opinion.