[Cite as *In re S.S.*, 2023-Ohio-4197.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

|  |  |  |
|---|---|---|
| IN RE: S.S. | : | APPEAL NO. C-230075 |
|  |  | TRIAL NO. 03-11091X |
|  | : |  |
|  | : | *O P I N I O N.* |

Appeal From: Hamilton County Juvenile Court

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: November 22, 2023

*Raymond T. Faller*, Hamilton County Public Defender, and *Jessica R. Moss*, Assistant Public Defender, for Appellant S.S.,

*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *Judith Anton Lapp*, Assistant Prosecuting Attorney, for Appellee State of Ohio.

**BERGERON, Judge.**

{¶1}    Nearly 20 years after his last juvenile adjudication, S.S. applied to seal and expunge 18 juvenile records.  In the case subject to this appeal, the court denied sealing and expungement solely due to unpaid restitution arising from the underlying adjudication.  However, because a juvenile court lacks jurisdiction to enforce unpaid juvenile restitution orders after the person turns 21, unpaid restitution is only probative of that person's rehabilitation up until the age of 21.  *In re I.J.*, 1st Dist. Hamilton No. C-220553, 2023-Ohio-2024, ¶ 14-15.  Because the juvenile court did not have the benefit of our intervening opinion in *In re I.J.* (and thus improperly relied on unpaid juvenile restitution in assessing S.S.'s present rehabilitation), we reverse its judgment and remand this cause for reconsideration in light of *In re I.J.* and this opinion.

I.

{¶2}    In April 2022, at the age of 35, S.S. applied to seal and expunge records of 18 juvenile cases.  At a hearing before a juvenile court magistrate, S.S. explained that he had obtained his GED, had earned an Electrical Technician Certification from Kaplan College, and was actively paying child support and other financial obligations.  He now works full-time as a service technician for an ATM maintenance and repair company and noted that sealing and expungement would aid his career by helping him access certain facilities for installations and repairs.  After the court raised the issue of $400 in outstanding restitution on one case, S.S. indicated that he was willing to make payments towards it within 90 days.  Opposing S.S.'s applications, the state emphasized S.S.'s "lengthy misdemeanor record" as an adult, listing 14 misdemeanor convictions including drug and paraphernalia possession charges and thefts from 2013 to 2018.  S.S. attributed his adult record to his struggle with drug addiction from 2012

until 2018 and told the court he has been sober for more than four years now and had successfully completed drug court. The magistrate explained, "I want to grant the expungement and sealing," but continued the case for three months "to see if you can make some payments on the restitution."

{¶3}  The $400 restitution order in question arose from an August 2003 juvenile adjudication, the case numbered 03-11091X, in which S.S. admitted to a charge that would have been a misdemeanor theft if he had been charged as an adult. The parties agree that he was ordered to pay restitution to the victim and never did. In August 2022, after a second sealing hearing continuance, S.S. told the magistrate that he still had been unable to pay anything, citing unexpected car expenses, other financial obligations, and his indigent status. S.S. also pointed out the juvenile court's lack of jurisdiction to collect any restitution funds since he is now over 21 years old. Citing his unpaid restitution, the magistrate denied the application for expungement but did not enter a decision on the sealing application. The magistrate did not specify whether expungement was denied just for the restitution case or for all 18 cases.

{¶4}  S.S. objected regarding all 18 cases, arguing to the juvenile court that the magistrate erred by rejecting his applications and relying on the unpaid restitution. He also objected to the court's jurisdiction to enforce unpaid restitution. In response, the state highlighted S.S.'s adult criminal record and defended the magistrate's reliance on unpaid restitution by pointing to the "other circumstances" factor under R.C. 2151.356(C)(2)(e), the statute for assessing rehabilitation for the purpose of juvenile record sealing. In January 2023, the juvenile court denied S.S.'s objection in an entry in case 03-11091X only. Seeing "no guidance in the law regarding payment of restitution and sealing a record," the court decided "since S.S. did not attempt to

pay his restitution his record should not be sealed or expunged." However, soon after entering its judgment, the court sent a notice letter to S.S. providing that his application to seal or expunge records had been *granted*. The notice listed all 18 cases and did not specify individual dispositions. S.S. now appeals the juvenile court's judgment denying sealing and expungement of case 03-11091X.

II.

{¶5} In his sole assignment of error, S.S. objects to the juvenile court's denial of sealing and expungement of his record in case 03-11091X on various grounds. Essentially, he objects to the juvenile court's finding of a lack of rehabilitation, challenging the court's reliance on his unpaid juvenile restitution in its calculus.

{¶6} Apart from some provisions requiring automatic record sealing and expungement, juvenile record sealing is "a privilege, not a right." *See State v. Dixon*, 1st Dist. Hamilton No. C-220234, 2023-Ohio-587, ¶ 6; R.C. 2151.356(B)(1) (mandating record sealing in some situations); R.C. 2151.358(A) (requiring expungement five years after sealing or upon person's 23rd birthday). Even so, statutes governing sealing and expungement are fundamentally remedial and are to be liberally construed. *See State v. A.S.*, 2022-Ohio-3833, 199 N.E.3d 994, ¶ 7 (1st Dist.). "The purpose of sealing a record of conviction is to recognize that people may be rehabilitated." *Id.* at ¶ 7, citing *State v. Petrou*, 13 Ohio App.3d 456, 456, 469 N.E.2d 974 (9th Dist.1984). Appellate courts review a trial court's judgment regarding sealing and expunging records under an abuse of discretion standard unless the dispute involves a purely legal question. *State v. Floyd*, 2018-Ohio-5107, 126 N.E.3d 361, ¶ 4 (1st Dist.). Abuse of discretion occurs when "a court exercis[es] its judgment, in an unwarranted way, in regard to a matter over which it has discretionary

4

authority." *Johnson v. Abdullah,* 166 Ohio St.3d 427, 2021-Ohio-3304, 187 N.E.3d 463, ¶ 35. When the court's judgment involves an " 'erroneous interpretation of the law,' " we review its decision de novo. *State v. Futrall*, 123 Ohio St.3d 498, 2009-Ohio-5590, 918 N.E.2d 497, ¶ 6, quoting *Med. Mut. of Ohio v. Schlotterer*, 122 Ohio St.3d 181, 2009-Ohio-2496, 909 N.E.2d 1237, ¶ 13.

{¶7} A juvenile court may grant record sealing "if it finds that the person has been rehabilitated to a satisfactory degree." R.C. 2151.356(C)(2)(e). In making that determination, the court may consider the applicant's age, education, employment history, whether they have continued or ceased unruly or criminal activity, the nature of the case for which sealing is sought, classification under the juvenile offender registry, and "any other circumstances that may relate to the rehabilitation of the person." R.C. 2151.356(C)(2)(e)(i)-(vi). It may not, however, consider unpaid juvenile restitution as probative of the applicant's rehabilitation after the age of 21 when they apply for sealing as an adult. *In re I.J.*, 1st Dist. Hamilton No. C-220553, 2023-Ohio-2024, at ¶ 11-14. After a court grants sealing, expungement occurs either automatically by law or in the court's discretion by application. *See* R.C. 2151.358.

{¶8} Turning to the rationale for the juvenile court's conclusion that S.S. was not rehabilitated, we encounter a familiar problem: the juvenile court's reliance on unpaid juvenile restitution as the motivating factor for denying sealing and expungement of juvenile records when the person applies as an adult. Earlier this year, we reviewed a juvenile court's decision to deny sealing and expungement in just 1 case out of 46 where the primary distinguishing factor in the denied case was unpaid juvenile restitution. *In re I.J.* at ¶ 11-14 (concluding that the applicant's age, adult record, and education and employment history were the same across all 46 cases and

that the nature of the offense (breaking and entering) insufficiently differentiated it from the rest). Rejecting a comparison to unpaid restitution in the adult record sealing context, we concluded that a juvenile court may not properly consider unpaid juvenile restitution to determine whether an adult is presently rehabilitated for the purposes of sealing and expunging their juvenile records. *Id*. at ¶ 14-15. To the extent unpaid juvenile restitution may constitute "[a]ny other circumstances" relating to an applicant's rehabilitation under R.C. 2151.356(C)(2)(e)(vi), the court could only consider it as probative of the applicant's rehabilitation when they turned 21 or earlier. *Id*. at ¶ 14.

{¶9} Indeed, a juvenile court loses jurisdiction to enforce juvenile restitution orders against a child upon their 21st birthday. R.C. 2152.203(F) ("The [juvenile] court retains jurisdiction over the restitution order until [the child] attains twenty-one years of age."). At that time, " 'any dispositional order that the juvenile court makes, including an order of restitution, terminates by operation of law.' " (Emphasis deleted.) *In re I.J.* at ¶ 14, quoting *In re J.Z.*, 6th Dist. Huron No. H-11-003, 2012-Ohio-1105, ¶ 11. At least until recently, this jurisdictional problem left juvenile courts in somewhat of a bind: if the restitution remained outstanding after the juvenile's 21st birthday, no court seemed to have the power to enforce any unpaid juvenile restitution thereafter.

{¶10} The Ohio General Assembly apparently recognized this problem in enacting R.C. 2152.203(F), which took effect in April 2023. Under that statute, "if [a restitution] order remains unpaid in full, * * * a court order for restitution imposed under this section shall be reduced to a civil judgment in favor of the victim prior to the termination of the court's jurisdiction upon [the child's] attainment of twenty-one

6

years of age." R.C. 2152.203(F). After that point, "the civil judgment obligation continues to be enforceable by a victim * * * until the obligation is satisfied." *Id.* In effect, this statute gives county and municipal courts jurisdiction to enforce civil judgments converted from unpaid juvenile restitution orders that otherwise terminate by law upon the child's 21st birthday.

{¶11} This legislative fix reinforces our conclusion in *In re I.J.* that a juvenile court cannot assess an applicant's current rehabilitation as an adult in light of an unpaid juvenile restitution order that legally terminated upon the applicant's 21st birthday, *In re I.J.*, 1st Dist. Hamilton No. C-220553, 2023-Ohio-2024, at ¶ 14, because juvenile courts lose jurisdiction over unpaid juvenile restitution orders upon the child's 21st birthday. R.C. 2152.203(F) (providing for unpaid juvenile restitution orders to be converted into civil judgments "prior to the termination of the court's jurisdiction upon [the child's] attainment of twenty-one years of age. * * * The court retains jurisdiction over the restitution order until [the child] attains twenty-one years of age."). Indeed, the civil judgment conversion mechanism identified in R.C. 2152.203(F) tackles this jurisdictional problem, identifying a means by which victims and courts may continue to pursue and enforce the offender's obligation after the juvenile court's jurisdiction expires. But absent such a conversion order breathing new life into the obligation after the offender turns 21, an unpaid juvenile restitution order is enforceable by no court. *See id.* Thus, this new statute does not disturb, and in fact reinforces, our holding that juvenile courts cannot rely on unpaid juvenile restitution

7

as a proxy for determining an adult's rehabilitation under R.C. 2151.356. *Id.*; *In re I.J.* at ¶ 14-15.[1]

**{¶12}** Here, before this court issued its decision in *In re I.J.*, the juvenile court denied sealing and expungement in case 03-11091X based solely on S.S.'s $400 unpaid restitution in that case. Despite S.S.'s significant evidence of rehabilitation, including favorable education and employment history, completion of drug court programming, and lack of criminal record since 2018, the court denied sealing and expungement without discussing those factors. In line with our holding in *In re I.J.*, we hold that the trial court erred in using unpaid juvenile restitution as a proxy for deciding whether an applicant for sealing and expungement was presently rehabilitated as an adult.[2] *See In re I.J.* at ¶ 14-15. Because we cannot determine from the record how the juvenile court would have weighed S.S.'s positive rehabilitation evidence against any negative evidence excluding the unpaid juvenile restitution, remand for its reconsideration of S.S.'s applications in light of our holding in *In re I.J.* is appropriate.

---

[1] This court recently decided another appeal of a juvenile court's denial of sealing and expungement of a set of juvenile cases. *In re J.D.*, 1st Dist. Hamilton Nos. C-220564, C-220565, C-220566, C-220567, C-220568 and C-220569, 2023-Ohio-3581. Although the court did not fault the juvenile court in that case for referencing the applicant's unpaid juvenile restitution (among several distinct factors weighing against a finding of rehabilitation) in its decision to deny sealing and expungement, its discussion of restitution is dicta because the court ultimately affirmed the juvenile court on the grounds that J.D. presented inadequate evidence to support his rehabilitative efforts. *Id.* at ¶ 17. A majority of this full court agreed, declining to rehear the juvenile restitution issue (or to potentially question *In re I.J.*) en banc. Therefore, *In re J.D.* does not disturb the holding here or in *In re I.J.* on the issue of unpaid juvenile restitution.

[2] The record is unclear on whether the juvenile court ordered the sealing and expungement of S.S.'s 17 other cases. Because S.S. appeals only the court's denial of sealing and expungement in case 03-11091X, and because the court sent notice to S.S. that his applications were granted, we can fairly conclude that his other 17 cases were sealed and expunged. If so, the record lacks evidence of how the court differentiated those cases from case 03-11091X. *See In re I.J.* at ¶ 14-15 (holding that the trial court's denial of sealing and expungement in one case was erroneous because it was insufficiently dissimilar from 45 other cases in which sealing and expungement were granted).

{¶13} To the extent the court may have based its decision on S.S.'s representations during the hearings that he would attempt to pay the restitution, at least in part, we hold that failure to make new payments on a terminated, unenforceable restitution order cannot bear on an applicant's rehabilitation under R.C. 2151.356 and 2151.358. Endorsing such a rationale would, in effect, empower the juvenile court to extract nonenforceable payments in exchange for sealing and expungement. Under such a system, courts would reserve the fresh start that sealing and expungement afford only to those with the means to pay for it.

{¶14} Therefore, in accordance with *In re I.J.* and Ohio's juvenile record sealing and expungement statutes, the juvenile court erred as a matter of law in denying sealing and expungement of case 03-11091X based on S.S.'s unpaid juvenile restitution order.

\* \* \*

{¶15} Ultimately, we sustain S.S.'s sole assignment of error because the juvenile court erred in assessing his present rehabilitation based on his failure to make payments on an unpaid juvenile restitution order that terminated upon his 21st birthday. We reverse the judgment of the trial court and remand this cause for reconsideration in light of *In re I.J.* and this opinion.

Judgment reversed and cause remanded.

**Kinsley, J.**, concurs.
**Zayas, P.J.**, dissents.

**Zayas, P.J.**, dissenting.

{¶16} "Judicial policy preferences may not be used to override valid legislative enactments." *State v. Smorgala,* 50 Ohio St.3d 222, 223, 553 N.E.2d 672 (1990),

*superseded by statute on other grounds as stated in State v. Mayl*, 106 Ohio St.3d 207, 2005-Ohio-4629, 833 N.E.2d 1216, ¶ 54. This court must respect the fact that the constitutional authority to legislate and to make policy decisions are the sole province of the General Assembly. *See Groch v. Gen. Motors Corp.*, 117 Ohio St.3d 192, 2008-Ohio-546, 883 N.E.2d 377, ¶ 212. Contrary to the majority's opinion, the plain and unambiguous language of the juvenile sealing statute authorizes a juvenile court to consider "any other circumstances that may relate to the rehabilitation of the person who is the subject of the records under consideration," determine the weight to be given that factor, and ultimately grant or deny the application "if it finds that the person has been rehabilitated to a satisfactory degree." R.C. 2151.356(C)(2)(e). Because the majority inserts its own policy-making preferences into the statute while simultaneously limiting a juvenile court's broad discretionary power in record-sealing determinations, I respectfully dissent.

{¶17} The sealing of juvenile cases is governed by R.C. 2151.356, which states in relevant part:

> the court may order the records of the person that are the subject of the motion or application to be sealed if it finds that the person has been rehabilitated to a satisfactory degree. In determining whether the person has been rehabilitated to a satisfactory degree, the court may consider all of the following:
>
> (i) The age of the person;
>
> (ii) The nature of the case;
>
> (iii) The cessation or continuation of delinquent, unruly, or criminal behavior;

(iv) The education and employment history of the person;

* * *

(vi) Any other circumstances that may relate to the rehabilitation of the person who is the subject of the records under consideration.

R.C. 2151.356(C)(2)(e).

**{¶18}** The juvenile court "may" seal the records if it determines the applicant has been satisfactorily rehabilitated, but is not required to do so. *See id.* In determining rehabilitation, the court "may consider any other circumstances that may relate to rehabilitation." *Id.* The legislature affords juvenile courts broad discretion in determining rehabilitation. *See In re H.S.*, 2020-Ohio-4530, 159 N.E.3d 344, ¶ 23 (11th Dist.).

**{¶19}** Here, S.S. was adjudicated for a theft of property that resulted in an economic loss to the victim of $400. As part of his disposition, S.S. was ordered to pay restitution to the victim. At that time, S.S. was notified of the obligation in a letter that also notified him that, "no record is eligible for sealing unless and until the full amount has been paid." The letter also informed S.S. that his "parents can also be sued in a civil action for damages caused by their children." At the hearing, S.S. acknowledged the outstanding $400 obligation and represented to the court that he could and would pay the debt, yet he did not meet that obligation and ultimately made no payments toward restitution.

**{¶20}** In denying the application, the juvenile court considered the statutory factors and found "since S.S. did not attempt to pay his restitution, his record should not be sealed or expunged." In reaching this determination, the court recognized that victims have the right to restitution, *see* Article I, Section 10a(A)(7), Ohio Constitution,

11

and determined that, "Sealing and expunging the case before any restitution is paid prioritizes the defendant child's rights over the victim and their need to be made whole. * * * When the court makes an order for restitution, the victim should expect that the order will be followed."

{¶21} In reaching its decision, the juvenile court considered the statutory factors, made factual conclusions supported by the record, and determined, in its discretion, that S.S. was not satisfactorily rehabilitated. Instead of affirming the juvenile court's proper exercise of its discretionary judgment, the majority rewrites the statute to achieve its desired result.

{¶22} First, it determines, without examining the plain language of the statute, that the juvenile court may not "consider unpaid juvenile restitution as probative of the applicant's rehabilitation after the age of 21 when they apply for sealing as an adult." To support this legal proposition, the majority cites to *In re I.J.*, 1st Dist. Hamilton No. C-220553, 2023-Ohio-2024, at ¶ 11-14. A review of *I.J.* reveals a complete lack of authority to support that sweeping conclusion. The majority disregards the plain language of the statute granting the juvenile court broad discretion to consider any factor it deems relevant to an applicant's rehabilitation. *See* R.C. 215.356(C)(2)(e).

{¶23} "[T]he purpose of restitution is not merely to benefit the victim; restitution also is meant to punish the offender and contribute to the offender's rehabilitation." *State v. Aguirre*, 144 Ohio St.3d 179, 2014-Ohio-4603, 41 N.E.3d 1178, ¶ 12, citing *State v. McKenney*, 8th Dist. Cuyahoga No. 79033, 2001 Ohio App. LEXIS 2424, 2 (May 31, 2001). Restitution contributes to rehabilitation, and therefore, "may relate" to rehabilitation as contemplated by R.C. 2151.356(C)(2)(e)(iv). *See id.*

{¶24} Conceding that restitution "may relate" to rehabilitation, the majority limits the weight to be given that factor by rewriting the statute to declare that unpaid restitution may only be considered "as probative of the applicant's rehabilitation when they turned 21 or earlier." Again, the majority relies on *I.J.*, which pronounced this rule of law devoid of supporting authority for this limitation. The majority concludes that unpaid restitution cannot be considered when determining an applicant's "current rehabilitation" because the order terminates when the child turns 21, and the court can no longer enforce the order. However, the jurisdiction of the juvenile court to enforce the order is irrelevant because the obligation to pay the restitution does not terminate when the child turns 21. *See* R.C. 2152.203(F) ("A restitution obligation imposed by a court does not expire until paid in full."); *Aguirre* at ¶ 28 ("While community control sanctions end after five years, R.C. 2929.15(A)(1), the obligation to pay restitution does not expire due to the passage of time.").

{¶25} Moreover, if the legislature had intended to limit the weight to be given unpaid restitution, it would have said so. We should not "add those words by judicial fiat. *See Clark v. Scarpelli*, 91 Ohio St.3d 271, 291, 744 N.E.2d 719 (2001) (Cook, J., dissenting) ('the role of a court is not to decide what the law *should* say; rather, the role of this court is to interpret what the law says *as it has been written by the General Assembly*.' [emphasis sic])." *Hulsmeyer v. Hospice of Southwest Ohio, Inc.*, 142 Ohio St.3d 236, 2014-Ohio-5511, 29 N.E.3d 903, ¶ 27. "Because the General Assembly is the final arbiter of public policy, judicial policy preferences may not be used to override valid legislative enactments." *State ex rel. Tritt v. State Emp. Relations Bd.*, 97 Ohio St.3d 280, 2002-Ohio-6437, 779 N.E.2d 226, ¶ 17.

**{¶26}** Here, the juvenile court found that S.S.'s records should not be sealed because "S.S. did not attempt to pay his restitution." The court prioritized the victim's right to restitution over the juvenile's privilege to have his record sealed. *See In re C.L.*, 8th Dist. Cuyahoga No. 104661, 2017-Ohio-7253, ¶ 7, citing *State v. Simon*, 87 Ohio St.3d 531, 533, 721 N.E.2d 1041 (2000), quoting *State v. Hamilton*, 75 Ohio St.3d 636, 639, 665 N.E.2d 669 (1996) (The sealing of a juvenile record is "an act of grace created by the state, and so is a privilege, not a right.").

**{¶27}** The payment of the restitution obligation is intended, in part, to rehabilitate the offender. *See Aguirre*, 144 Ohio St.3d 179, 2014-Ohio-4603, 41 N.E.3d 1178, at ¶ 23 ("Payment of court-ordered restitution is an obligation rooted in the traditional responsibility of a state to protect its citizens by enforcing its criminal statutes and to rehabilitate an offender by imposing a criminal sanction intended for that purpose."). Thus, the failure to honor the obligation "may relate" to rehabilitation until the obligation is fulfilled, and the juvenile court "may consider" the unpaid restitution under R.C. 2151.356(C)(2)(e)(iv). The plain language of the statute does not prohibit the juvenile court from considering unpaid restitution or limit the weight the juvenile court may place on the unpaid restitution.

**{¶28}** Accordingly, the juvenile court did not abuse its discretion in denying the application to seal, and I would affirm the judgment of the trial court.

Please note:

The court has recorded its entry on the date of the release of this opinion.