[Cite as *In re L.B.*, 2024-Ohio-1255.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| IN RE: L.B. | : | APPEAL NO. C-230375 |
| | | TRIAL NO. 07-4314 X |
| | : | |
| | : | *O P I N I O N.* |

Appeal From: Hamilton County Juvenile Court

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: April 3, 2024

*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *Keith Sauter*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, *Margaret Kane*, Assistant Public Defender, and *Jessica Moss*, Assistant Public Defender, for Defendant-Appellant.

**BOCK, Presiding Judge.**

{¶1}  L.B. asked the juvenile court to seal and expunge 20 juvenile-delinquency adjudications. The juvenile court granted 19 of the applications, but denied one, citing L.B.'s failure to pay restitution. Because this court has held that a juvenile's failure to pay restitution is probative only of that person at 21 years of age and may not be used as a proxy for deciding whether an applicant is presently rehabilitated, we reverse the juvenile court's judgment and remand this cause with instructions to grant L.B.'s application.

## I.    Facts and Procedure

{¶2}  In 2007, 17-year-old L.B. was adjudicated delinquent for attempting to steal $50 worth of earrings from a Macy's store ("2007 adjudication"). As part of its disposition, the juvenile court ordered L.B. to pay $336.25 in restitution to Macy's ("restitution order").

{¶3}  In 2023, 34-year-old L.B. filed applications under R.C. 2151.356 and 2151.358 to seal and expunge her juvenile records in 20 cases spanning from 2002 to 2007, including the 2007 adjudication. The restitution order remained unpaid. After a hearing, the magistrate sealed L.B.'s records in 19 cases but, citing her "outstanding restitution," denied her application to seal the 2007 adjudication.

{¶4}  L.B. objected to the magistrate's decision, arguing that the juvenile court lost jurisdiction over the restitution order after her 21st birthday. The juvenile court disagreed, overruled L.G.'s objections, and adopted the magistrate's decision. L.B. now appeals.

## II.    Law and Analysis

{¶5}  In her sole assignment of error, L.B. challenges the juvenile court's

judgment denying her application to seal and expunge the 2007 adjudication based on her failure to pay restitution. She argues that she satisfied the statutory requirements for sealing the 2007 adjudication and that the juvenile court's decision to deny her application based on the unpaid restitution contravenes this court's recent decision in *In re I.J.*, 1st Dist. Hamilton No. C-220553, 2023-Ohio-2024. The state concedes the error.

{¶6}    We review a trial court's decision on an application for expungement and sealing for an abuse of discretion. *Id.* at ¶ 9. "We will thus not reverse the trial court's judgment unless the court has exercised its discretionary judgment over the matter in an unwarranted way or committed legal error." *Id.*

{¶7}    While the expungement and sealing of juvenile records is considered a privilege and not a right, expungement and sealing statutes are remedial and require liberal construction. *Id.* at ¶ 8. As a matter of policy, statutes authorizing the expungement and sealing of a juvenile's record " ' "promote [the] goals of rehabilitation and reintegration into society by permitting rehabilitated offenders to have their records sealed so that they can leave their youthful offenses in the past." ' " *Id.*, quoting *In re C.T.*, 5th Dist. Licking No. 11 CA 19, 2011-Ohio-4275, ¶ 11, quoting *State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254, ¶ 54; *see In re H.S.*, 2020-Ohio-4530, 159 N.E.3d 344, ¶ 24 (11th Dist.).

{¶8}    Relevant here, juvenile records may be sealed if the juvenile court "finds that the person has been rehabilitated to a satisfactory degree." R.C. 2151.356(C)(2)(e). The juvenile sealing statute identifies a nonexhaustive list of statutory factors that a juvenile court may consider when assessing rehabilitation, including:

   i.   The applicant's age;

   ii. The nature of the case;

   iii. The applicant's cessation or continuation of delinquent, unruly, or criminal behavior;

   iv. The applicant's education and employment history;

   v. Classification or declassification from the juvenile offender registry; and

   vi. Any other circumstances related to the applicant's rehabilitation.

*Id.*

{¶9} In *In re I.J.*, this court reversed the juvenile court's judgment denying I.J.'s applications to seal and expunge his juvenile records based on unpaid juvenile restitution, where the juvenile court had granted I.J.'s applications in the remaining cases and the juvenile court's other rehabilitation findings were "not so dissimilar * * * to warrant [a] different outcome." *In re I.J.*, 1st Dist. Hamilton No. C-220553, 2023-Ohio-2024, at ¶ 15. This court considered the relevance of an adult applicant's unpaid juvenile restitution, explaining that "a juvenile court may no longer exercise its jurisdiction over a person once that person reaches the age of 21," and therefore, an applicant's failure to pay restitution in a juvenile case "is probative only of that person at 21 years old, not whether he or she is rehabilitated at the time of applying for sealing and expungement." *Id.* at ¶ 14.

{¶10} Months later, this court reaffirmed *I.J.*, holding that a juvenile court errs "in using unpaid juvenile restitution as a proxy for deciding whether an applicant for sealing and expungement was presently rehabilitated as an adult." *In re S.S.*, 1st Dist. Hamilton No. C-230075, 2023-Ohio-4197, ¶ 12. In *In re S.S.*, this court discussed recently passed legislation that addresses unpaid juvenile restitution and enables a

4

procedure for a court to reduce unpaid restitution "to a civil judgment in favor of the victim prior to the termination of the court's jurisdiction upon [the child's] attainment of twenty-one years of age." R.C. 2152.203(F). That civil judgment is "enforceable by a victim * * * until the obligation is satisfied." *Id.* In *In re S.S.*, this court construed this legislation as support for *In re I.J.*'s treatment of unpaid juvenile restitution. *In re S.S.* at ¶ 11. This court explained, "absent such a conversion order breathing new life into the obligation after the offender turns 21, an unpaid juvenile restitution order is enforceable by no court." *Id.*

{¶11}  In this case, R.C. 2152.203(F) was in effect at the time of L.B.'s sealing-and-expungement hearing in front of the juvenile court. But the restitution order had not been reduced to a civil judgment when the juvenile court overruled L.B.'s objection to the magistrate's decision.

{¶12}  As the state concedes, this court's decision in *In re I.J.* requires reversal in this case. The juvenile court issued its decision 13 years after it lost jurisdiction over L.B. and the restitution order terminated. The magistrate explained at the hearing that L.B. was "eligible on everything but the case for which restitution is owed."

{¶13}  The record evidences L.B.'s rehabilitation, including her job as a nurse's assistant, her providing childcare for her nieces and nephews, and her caring for her aging father. Because her application would have otherwise been granted, we hold that the juvenile court abused its discretion in denying L.B.'s application. We sustain L.B.'s assignment of error and reverse the juvenile court's judgment.

### III.    Conclusion

**{¶14}**   For the foregoing reasons, we sustain L.B.'s assignment of error, reverse the juvenile court's judgment, and remand the cause to the juvenile court with instructions to grant L.B.'s application.

Judgment reversed and cause remanded.

**Bergeron** and **Crouse, JJ.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.